SAMUEL T. PRENTISS as Receiver, etc., Appellant, v. WILLIAM I. NICHOLS, Respondent.

In an action brought against a manufacturing corporation, after recovery of judgment and return of execution unsatisfied, a receiver of its property and effects was appointed. An order was subsequently granted by the court directing that on payment of the judgment and satisfaction thereof, the order appointing the receiver should be vacated; thereupon the corporation turned out to the judgment creditor a note owned by it in payment, this was accepted, the judgment satisfied and said order vacated. The note was left by said creditor in the hands of defendant, who was president of the corporation, and he afterward collected the same. Another receiver of said corporation having been appointed in another action, brought this action to recover the money paid on the note as money belonging to the corporation. *Held*, that the action was not maintainable ; that the note became the property of the creditor, not only by the act of the company, but by the direction and with the approval of the court ; that the new receiver gained no right in regard thereto except to question the validity of the payment, and this could only be done in an action against the creditor, not in an action against his agent.

(Argued October 12, 1885 ; decided October 27, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 22, 1882, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

This action was brought by plaintiff as receiver of the Illuminated Tile Company, a manufacturing corporation, to recover a sum alleged to have been collected by defendant as president of said corporation upon a note owned by it, and to have been converted by him to his own use.

It appeared that the defendant formerly held a demand against the corporation of which he was president, for moneys loaned to it; this he assigned to his son George L. Nichols. The latter recovered a judgment on the demand against the company, upon which an execution was issued, and returned unsatisfied, and an action was thereupon prosecuted by him against the company for the appointment of a receiver, and such an appointment was made. Afterward James M. Wilbur, who stated in his affidavit that he was the owner of nine hundred and ninety-seven of the one thousand shares of the capital stock of the corporation, applied by motion for leave to the company to pay the judgment and to have the receivership set aside or terminated. Upon his affidavit and notice to the plaintiff, upon whose application the receiver has been appointed, an order was made substantially directing the receivership to be set aside on the payment and satisfaction of the judgment. This payment was provided for by the transfer of the note of persons indebted to the corporation, and upon that being done the judgment was satisfied, and an order was thereupon made vacating and setting aside the preceding order by which the receiver had been appointed.

The note was left in defendant's hands for collection; before it was paid the plaintiff received his appointment as receiver in another action instituted by a subsequent judgment creditor of the corporation; said note was thereafter paid to defendant as agent for the owner, partly in money, partly in a new note.

*E. Sprout* for appellant. The legal title to the property of

the Illuminated Tile Co. vested in Pelton, the receiver, upon the filing of his bond. (*In re Berry*, 26 Barb. 55; *Verplank* v. *Merchants' Ins. Co.*, 2 Paige, 438.) The defendant Nichols, after Prentiss was appointed receiver, having converted the note to his own use by collecting $6,550.50 not then due, and taking a new note for the $4,000 balance of the $10,550.50 note inclusive, is liable to plaintiff under the law in reference to the estates of persons, in which creditors have a right to share *pro rata*. (Laws of 1858, chap. 314, § 2; *Osgood* v. *Latyn*, 48 Barb. 465; 3 Keyes, 521; *Robinson* v. *Bank of Attica*, 21 N. Y. 411; R. S. [Edm. Ed.], marg. 603, § 4.)

*Samuel Hand* for respondent. The company had the right and it was its duty to pay the judgment out of the first moneys collected. (1 R. S. 693, § 4.) The act of the company was legal, and the receiver cannot impeach or disaffirm it. (*Hyde* v. *Lynde*, 4 N. Y. 387.) The act of the defendant was the act of the company, duly authorized and adopted by it and done for its benefit. (*Phillips* v. *Campbell*, 43 N. Y. 272.) Proof that at the time of payment the corporation was in fact insolvent is not conclusive evidence that the application or payment was made "in contemplation of insolvency of such company," within the meaning of the statute (2 R. S. 603, § 4), declaring such a disposition of its property unlawful and void; the act must have been done because of existing or contemplated insolvency. (*Paulding* v. *Chrome S. Co.*, 94 N. Y. 334.) The obligation to make the application was incurred a long time before, and the fulfillment of the agreement relates back to that time. (*Castle* v. *Lewis*, 78 N. Y. 131; *Paulding* v. *Chrome S. Co.*, 94 id. 336.) The appointment of Guy R. Pelton as receiver being preliminary to final judgment, did not dissolve the corporation. (*Kincaid* v. *Dwinelle*, 59 N. Y. 548; *Dubois* v. *Cassidy*, 75 id. 298; *Mann* v. *Pentz*, 3 id. 415; Code of Civ. Pro., § 1788; 2 R. S. 472, § 85.) The court has the power, and in such a case as this its exercise is proper on payment of the plaintiff's claim, to order the discontinuance

of the proceedings and the discharge of the receiver. (*Angell* v. *Silsbury*, 19 How. Pr. 48.)

Finch, J. A verdict for the defendant was rendered by the jury under the direction of the court. There was no controversy about the material facts. When the Nichols judgment was paid, with the permission of the court, and the order which appointed Pelton receiver was vacated for that purpose, the tile company was at liberty to pay its debt subject only to statutory restrictions. It did pay it by turning out to the judgment creditor the note of Bartlett, Robbins & Co., for $10,550, which represented their indebtedness to the tile company. The documentary evidence shows that fact, and the testimony of the defendant confirms it. That note thus became the property of the judgment creditor, not only by the act of the company, but by the direction and with the approval of the court, which vacated the receivership for that purpose and upon that condition. The note remained in the defendant's hands as the agent of such owner, and when it was ultimately paid to the defendant, partly in money and partly in a new note, he received the proceeds still as the owner's agent, and neither the tile company nor the defendant had any title to it whatever. Of course it follows that the new receiver, the present plaintiff, obtained no title to it by his appointment, and gained no right, except to question the validity of the payment, and seek a recovery from the true owner to whom the transfer had been made. He has not sued the true owner, nor brought him into court to answer, but has sued the agent on the theory that the fund belonged to the tile company, and was being withheld and converted by its officer. No such cause of action was established. On the contrary it appeared that a stranger to the action owned the fund, and that the tile company had no title to or interest in it when the plaintiff was made receiver. It is claimed that the payment to the creditor was invalid because the company was insolvent. If that is fully established, it is immaterial. The payment was not shown to have been made in contemplation of insolvency, and the

facts indicate the contrary. And that question could not be raised in an action to which the creditor, who was paid, was in no manner a party. The transfer made, was not to an officer or stockholder of the company and restrained for that reason.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.