EMMA D. CONE, Appellee, v. KATE L. CONE *et al*, Appellants.

**Specific Performance;** CONSIDERATION. Where a written contract
1　for the sale of real estate provides that the consideration therefor is the payment by the purchaser of a mortgage on the premises and other "good and valuable" consideration, specific performance of the contract cannot be defeated on the ground of want of consideration.

**Contract to Convey Real Estate;** INTEREST IN PRÆSENTI. A written
2　agreement to sell real estate for an actual consideration, which is clear in its terms, conveys to the purchaser an interest in the land in *præsenti*, even though grantor is to retain possession and full title is not to pass during his lifetime.

Legal Representatives: RIGHTS OF IN CONTRACT. All the rights of
3   a purchaser of real estate under a valid contract pass, upon
his death, to his legal representatives under Code section 3443.

Homestead Right: EFFECT OF AGREEMENT TO RELINQUISH. Where
4   the wife joins the husband in a written agreement to sell real
estate, which provides that she will "execute a conveyance
relinquishing all her statutory rights" she cannot in a suit
for specific performance claim a homestead right in the
property.

Prior Mortgage: EFFECT OF CONTRACT UPON. Where a' contract for
5   the sale of land provides that performance of its conditions shall
be full payment of the purchase price, a grantor cannot claim
any interest in the land by reason of a prior unrecorded mort-
gage where no mention of the mortgage is made in the con-
tract, and the purchaser had no actual knowledge of its
existence.

Insolvency: EFFECT OF ON CONTRACT TO SELL REAL ESTATE. Insolv-
6   ency will not defeat specific performance of a contract to sell
real estate where the debtor had the right to, and made a
valid contract of sale.

*Appeal from Muscatine District Court.*—HON. W. F. BRAN-
NAN, Judge.

WEDNESDAY, DECEMBER 17, 1902.

THIS is an action in equity to enforce the specific per-
formance of a contract to convey lands and to confirm and
quiet the title to such lands in the plaintiffs. There was a
decree in favor of the plaintiffs, granting the relief prayed
for. Defendants appeal.—*Affirmed.*

*Remley & Ney* for appellants.

*Jayne & Hoffman* for appellees.

BISHOP, J.—The plaintiff is the widow of W. L. Cone,
who died intestate August 6, 1899, and she sues on her own
behalf and as guardian of W. V. Cone and A. E. Cone,
minors, and only children of he'self and said W. L. Cone.
The defendant Kate L. Cone is the widow of W. D. Cone,

who died intestate December 1, 1899. She is the administratrix of the estate of her deceased husband, and is sued in her personal and representative capacity. The said W. L. Cone was an only son of said W. D. and Kate L. Cone, and the defendant Edna Field is an only daughter of the same parties. The defendant Samuel Field is the husband of Edna. On July 5, 1899, an agreement in writing was entered into between W. D. Cone and his wife, Kate L., on the one part, and W. L. Cone, of the other part, the material provisions of which are as follows: "The first parties have this day contracted and agreed to sell to the second party the west half of northwest quarter, section seven, township seventy-six, range four, Muscatine county, Iowa. Said farm is now being cultivated and managed by W. L. Cone under a written contract and lease with W. D. Cone, and it is hereby agreed that W. D. Cone during his lifetime shall receive the rent by him reserved for the use of said land according to the terms of the lease as it now exists, or such lease as may hereafter be made, and that during the period of said W. D. Cone's lifetime he shall have the same right to manage and cont ol said land as held by him prior to the execution of this contract. Said land, together with other land, is now incumbered for the sum of $3,500, and in consideration of the aforesaid agreement to sell W. L. Cone assumes and agrees to pay $2,500 of the principal of said incumbrance but the interest upon said incumbrance and the taxes on said and shall be paid by W. D. Cone during his lifetime W. L. Cone also agrees that if, at any time, it becomes necessary to renew the principal of said incumbrance, he will, with his wife, execute and deliver, upon the request of W. D. Cone, any and all writings necessary to enable W. D. Cone to renew the same. W. L. Cone also agrees that l e will farm said land, and care for same in accordance with the present written contract between himself and W. D. Cone, or in accordance with any modification that may be

made herein, or any contract that may be drawn relating thereto, du ing th life of W. D. Cone, paying him all rent reserved. It is further agreed that, if said W. L. Cone shall at any time during the life of W. D. Cone pay any of the principal of said $2,500, he shall be entitled to demand and receive of W. D. Cone, during the life of said W. D. Cone, interest on the amount so paid, computed at the same rate of interest specified in the incumbrance so discharged in whole or in part. This agreement to sell is mad for a good and valuable consideration in addition to the agreement to assume the $2,500 aforesaid, and the parties hereto agree that the performance of the conditions herein named shall be taken as a full and complete payment of the full pur hase price of the said land. And upon the fulfillment of the conditions herein named upon the part of W. L. Cone he shall be entitled to demand and receive of the legal representatives of W. D. Cone a deed conveying full title to said land; Kate L. Cone agreeing that upon the performance of the above conditions she will execute a conveyance relinquishing all her statutory rights to said land. [Signed] W. D. Cone. Kate L. Cone. W. L. Cone."

I. It is admitted that Emma D. Cone, subsequent to the death of her husband, provided funds belonging to herself and her children, in the sum of $2,500 which was paid on the mortgage incumbrance covering the lands in question, and that as to such lands the mortgage was thereupon canceled and satisfi d of record.

Appellants contend that there was no consideration for the agreement in suit, and therefore specific performance cannot be decreed. The record does not bear out such 1. SPECIFIC per- contention. The land was owned by W. D. formance: consideration. Cone. With other lands, it was incumbered by the mortgage to secure payment of the personal debt of said W. D. Cone in the sum of $3,500. Now, included within the terms of the written agreement, and as a part

thereof, it is said that in consideration of the agreement to sell the said W. L. Cone assumes and agrees to pay $2,500 of such debt and incumbrance. Here was a direct and unqualified promise in writing to pay the debt of another. That such an undertaking, thus entered into, affords a sufficient consideration for a contract, is elementary. But this is not all. It is said in the writing in question that "this agreement to sell is made for a good and valuable consideration in addition to the agreement to assume the $2,500 aforesaid." What such other consideration was, does not appear, but we are certainly warranted in accepting the language of the agreement to the effect that it was "good and valuable," especially as the evidence so furnished by the instrument itself is not met by any counter evidence appearing within the covers of the record.

Counsel for appellant admit that, were the case other than one for specific performance, the language of the instrument would be sufficient to cast upon the resisting party the burden of proof. Our attention is not called to any authority for such distinction. It is true that in cases such as the one before us the consideration for the contract must be actual, and not merely constructive. A technical consideration, so to speak, will not suffice. Bispham Equity, section 372. But here the agreement was reduced to writing, and of itself such writing imports a consideration. This is an unqualified rule of our statute. Code, section 3069. A written instrument imports a consideration, and the burden is upon the party defending against such instrument to show that it was without consideration. *French v. French*, 91 Iowa, 140.

II. Appellants further contend that by the agreement in question no interest in *præsenti* in the land described was 2. CONTRACT to granted, and that the effect thereof was tes-convey real estate: inter- tamentary in character; or, at best, that W. L. est in præ-senti. Cone acquired thereunder nothing more than a mere right to purchase, optional with himself. Such

contention cannot be sustained. The instrument itself bears
none of the earmarks of a testamentary devise or bequest.
There are no expressions used which indicate that a simple
gift was intended. We cannot even share with counsel in
the view that the consideration was inadequate, much less
that a consideration was wholly wanting. Nor can we con-
strue the instrument as one granting a mere option to
purchase, and nothing more. Taking the instrument by its
four corners, and we have a positive agreement on the part
of W. D. Cone to sell for a consideration satisfactory to
him, and an equally positive agreement on the part of W.
L. Cone to purchase and pay. The terms used are not am-
biguous, nor is there anything to obscure the intent and
meaning of the parties as a whole. True, by the agreement
W. D. Cone retained an interest in the land in the nature
of a life estate, but such provision had relation only to the
occupancy of the lands and the *mesne* profits thereof, and
is not controlling upon the real question of title to the
lands. So, too, W. L. Cone was not to be put in possession
of the full legal title during the lifetime of his father. But
such fact in no manner tends to support the contention of
counsel for appellant. The fact that the passing of full
legal title is made to depend as to time upon the happen-
ing of an event in the future, such event being sure to
happen, cannot be seized upon to destroy the effect of the
contract as one to sell and convey. If such be material, it
clearly appears in the record that W. D. Cone understood
the agreement as a contract of sale. To his brother and to
others he made the statement that he had sold the farm to
his son. More than that, he advised and assisted appellee
in the matter of the payment by her of the $2,500 to ex-
tinguish the mortgage incumbrance upon the land and in
procuring the release thereof.

III. But it is said that, inasmuch as W. L. Cone did not
pay any part of said sum of $2,500 during his lifetime, he
acquired no interest in or under the contract that could be

the subject of enforcement by his heirs or legal representa-
tives, and therefore the contract, and all rights
thereunder, terminated contemporaneous with
his death.   How such conclusion can be
drawn from the facts presented, we are unable to see.
That the son became vested with a tangible right in the
property under his contract—which he might have enforced
had he outlived his father—is certain, as we have already
shown; that such property right survived his death, and
was subject to enforcement by his legal representatives, in
accordance with the terms of the agreement, is a rule of
the statute in this state.   Code, section 3443.

IV.   On behalf of appellant Kate L. Cone it is said that
she has a homestead right in the property, which should have
been recognized in the decree.   It appears in the evidence
that for a number of years said Kate L. Cone
and her husband, W. D. Cone, made their
home upon the farm.   Some two years prior
to the making of the contract in question they removed
therefrom, and took up their residence in Coneville, in the
same county, where W. D. Cone engaged in the practice of
his profession as a physician.   At the time of such re-
moval, W. L. Cone, with his family, took possession of the
farm under a lease from his father, and he resided there
until the time of his death.   The appellant insists, how-
ever, that there was no intention to abandon the farm as a
homestead, and evidence was introduced at the trial in her
behalf for the purpose of supporting such contention, the
same being to the effect that she had left various articles
of household furniture and other personal property on the
premises, etc.   We think the claim thus made is fully an-
swered by a reference to the contract between the parties.
It will be observed that the agreements therein con-
tained are made on the part of Kate L. as well as W. D.
Cone, and the instrument is signed by each.   Moreover,
said Kate L., by an express provision of the contract, agrees

*3. LEGAL representatives: rights of in contract.*

*4. HOMESTEAD right: effect of agreement to relinquish.*

that upon performance of the contract conditions she will execute a conveyance relinquishing all her statutory rights in and to said land. Dower, as well as homestead, comes under the head of statutory rights. Now, at the time of the death of W. L. Cone no condition remained unperformed save that of payment of the sum of $2,500. At the time of the death of W. D. Cone that condition had been fully performed. Such being the facts, surely it does not lie in the mouth of Kate L. Cone to assert that she still retains a homestead interest in the property.

V. A further contention is made in behalf of appellant Kate L. Cone, and is to the effect that she holds an unsatisfied mortgage on the lands in question to secure payment of a note in the sum of $1,000 and interest, which mortgage and her rights thereunder she asserts should be recognized in the disposition of this case. It appears that some years before his death, W. D. Cone did execute and deliver to his wife such a note and mortgage. The note has been lost or destroyed, and the mortgage was not made a matter of record until some time after this particular controversy arose. We do not think any good purpose can be subserved by a recital in this opinion of the circumstances out of which grew the making of such note and mortgage, nor do we think it necessary to inquire in this connection whether the claim represented thereby might be asserted as a valid claim against the estate of W. D. Cone. Certain it is that no mention of such unrecorded mortgage was made at the time of the execution of the contract in suit. It does not clearly appear that W. L. Cone had knowledge of such mortgage, and that Emma D. Cone was ignorant concerning its existence at the time she paid the $2,500 is beyond question. Be that as it may, however, the contract with W. L. Cone, to which Kate L. Cone was a party, provides in explicit terms that the performance of the conditions in said contract

5. PRIOR mortgage: effect of contract upon.

named shall be taken as a full and complete payment of the full purchase price of the tract of land described therein. In the face of such provision of her contract, surely Kate L. Cone cannot be heard to assert that she has any interest in the land by virtue of said mortgage.

VI. Lastly, it is contended by appellants that the estate of W. D. Cone is insolvent; that the land in question is of the value of at least $5,000; that a conveyance of said 6. INSOLVENCY: effect of on contract to sell real estate. land to appellers would operate as a fraud upon the creditors of said W. D. Cone. The showing made of insolvency is not a satisfactory one, but, conceding such to be the fact, the same cannot be successfully urged as a defense in this action. W. D. Cone had a right to sell this land, and the record shows that he did sell it, and there is no evidence whatever upon which to predicate the assertion that it was not a fair sale, or that the consideration therefor was not adequate. Such being the case, a court of equity will not interfere, or withhold a decree perfecting and quieting title in the grantee.

We conclude that the decree was right, and it is AFFIRMED.