J. B. BLAKE, Appellee, *v.* FRANK K. ROBINSON, Appellant.

**Statute of frauds.** The oral promise of an administrator to pay
1 a claim against an estate, when made to subserve his own
interests, is not within the statute of frauds.

'Agreement to pay the debt of another: CONSIDERATION. The promise of an administrator to pay a claim against an estate, from which he derives an advantage and the claimant an injury in the collection of his claim, is supported by a sufficient consideration.

Admissibility of evidence. A deed of property from the heirs of an estate to the administrator, which was related to and explanatory of a credit on a claim of the administrator against the estate as shown by the report of a special administrator, was admissible in an action by a claimant against the administrator on his oral promise to pay the same.

Contracts: CONSIDERATION: INSTRUCTION. In a suit on an oral promise to pay the debt of another, failure to submit the question of consideration for the promise was not erroneous, as the same is ordinarily one of law.

*Appeal from Pottawattamie District Court.*— HON. O. D. WHEELER, Judge.

THURSDAY, DECEMBER 14, 1905.

ACTION to recover the amount of two accounts held by plaintiff against one Virginia Robinson, now deceased, from defendant who was her administrator, upon an alleged promise made by him while acting as administrator to pay the same. Defendant first demurred to the petition, and after the overruling thereof answered, pleading the statute of frauds, the statute of limitations, and want of consideration for the alleged promise. On these issues the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Roscoe Barton* and *Fremont Benjamin,* for appellant.

*A. L. Preston,* for appellee.

DEEMER, J.— The demurrer to the petition, and certain objections offered to plaintiff's testimony, raise the question of the statute of frauds. It appears that plaintiff's claims for goods sold and delivered the deceased were in existence

when Virginia Robinson died; that defendant was her administrator; that he (defendant) was indebted to the deceased upon a note in the sum of $1,900, and he also held claims against her amounting to something like $1,000. Before the expiration of six months from the time of the appointment of the administrator plaintiff had a talk with him (defendant) about his (plaintiff's) claims, and the jury was authorized to find that he (defendant) in consideration of plaintiff not pressing his claims against the estate, promised and agreed to pay the same himself. It also appears that on account of this promise plaintiff did not file his claims until after the six months for filing third class claims had expired, and that after paying the other claims there was nothing left for claims of the fourth class. Defendant's claims against the estate were not allowed so as to become of the third class, but he so adjusted the matter that he gave himself credit on the note held by the deceased against him for the sum of $1,240, leaving a balance due the estate of $661.74. This, with other assets, was used in paying claims of the first, second, and third class, leaving nothing for plaintiff.

It is manifest from this statement that while in form defendant's alleged promise was to pay the debt of another, which, standing alone, would be within the statute of frauds; yet it also just as clearly appears that the prom-

1. STATUTE OF FRAUDS.

ise was made to subserve defendant's own objects and purposes, and that he did in fact profit thereby. In such cases the promise is not within the statute of frauds. *Harlan v. Harlan,* 102 Iowa, 701; *French v. French,* 84 Iowa, 655; *Johnson v. Knapp,* 36 Iowa, 616, and other like cases. Defendant was allowed the full amount of his claim against the deceased, although it was not filed until after the expiration of the six months for filing claims of the third class. More than that, he secured other advantages personal to himself, which need not be enumerated. Suffice it to say that the alleged promise is not within the statute of frauds.

*Crispin v. Winkleman,* 57 Iowa, 523; *Gourley v. Walker,* 69 Iowa, 80.

II.   The contention that the promise was without consideration rests upon even a slighter foundation.   The testimony shows without question or conflict that by reason of

**2. AGREEMENT TO PAY THE DEBT OF ANOTHER: consideration.** defendant's promise plaintiff failed to file his claims and press them to judgment within six months after the giving of the notice of administration, so as to make it a claim of the third class, which he would have done, but for defendant's promise.  This was such a detriment to the promisee, under the facts disclosed, as in itself to constitute a consideration for defendant's promise.   Moreover, there was the advantage to the promisor to which we have already referred.   Either of these things constituted a sufficient consideration for defendant's promise.

III.   The trial court admitted in evidence, over defendant's objections, a quitclaim deed from the heirs of the deceased to the defendant for the homestead left by Virginia

**3. ADMISSIBILITY OF EVIDENCE.** Robinson.   Ordinarily such testimony would have been inadmissible under the issues tendered.   But it appeared in evidence that a special administrator was appointed to pass upon some of defendant's claims against his mother's estate, and that in his report he referred to an acknowledged reimbursement to defendant of $800. The quitclaim deed introduced by plaintiff was to show that this item was for the quitclaim deed received by defendant from the other heirs.   Defendant, when a witness on his own behalf, testified without objection in explanation of his claim, and to the credits found by the special administrator, and said that this $800 item came from the sale of the homestead, which had been conveyed to him by the other heirs, and which he afterwards sold and conveyed for the sum of $800.   The deed was admissible as explanatory of the report of this special administrator, and its admission was without prejudice to defendant.

IV.   Complaint is made in a general way of the court's

refusal to give certain instructions, six in number, asked by the defendant. In what the error consisted is not pointed out in argument. We have examined the requests, however, and need only say that, in so far as they announce correct rules of law, they were in effect given by the court in its charge.

As to instructions given, the chief complaint made is that the court did not submit the question as to whether the alleged promise was upon a consideration to the jury for its conclusion and finding. It is true that the court did not submit this exact question, nor should it have done so. Whether or not what was done constituted a consideration was a question of law. All issues of fact were submitted, and the court carefully instructed as to what plaintiff was required to show in order to have the verdict. If these facts were shown, then there was a consideration for the promise as a matter of law; and this was what the court said in its charge. We shall not set out the instructions, as to do so would unduly extend this opinion, and be of no benefit to any one. The case was fairly submitted to the jury under proper instructions, and we discover no prejudicial error.

**4. CONTRACTS:** consideration: instruction.

The judgment is *affirmed.*