E. A. CANTONWINE, Appellant, v. BOSCH BROTHERS and others, Appellees.

**Compromise and settlement:** REPUDIATION.  One against whom a claim is made may buy his peace at any price he sees fit to pay, and the mere fact that he subsequently concludes that he acted rashly or even foolishly will not authorize him to repudiate the settlement, even though the claim made against him was without foundation.

**Duress:** SUFFICIENCY OF SHOWING.  To recover money as having been paid under duress it must appear that the plaintiff's will was overpowered by threats; mere reluctance to pay is not enough.

**Appeal:** AMENDMENT OF RECORD.  Where the record on appeal shows an appealable judgment an amendment of the record to show that the judgment was not entered on the journal until after the appeal was taken will not affect the appeal.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW, Judge.

Tuesday, September 27, 1910.

Action in equity to set aside an agreement transferring certain property and funds to the defendants and for a money judgment. The petition was dismissed, and plaintiff appeals.—*Affirmed.*

*Boardman & Lawrence* and *Burnham & Egermayer,* for appellant.

*J. L. Carney* and *F. L. Meeker,* for appellees.

Weaver, J.—During the period covered by the transactions in controversy, the defendants were the proprietors of a general country store at the village of Van Cleve in Marshall county, and the plaintiff was a young physician who made the store his headquarters and when not attending professional calls assisted in and about the business. He entered upon his practice in Van Cleve in the year 1902, at which time the store was owned and managed by one Millhouse, and until his marriage in 1903 was given his board for the assistance he rendered the proprietors. In December, 1904, the defendants purchased and took charge of the business; the plaintiff continuing to render similar service when not engaged in his practice. He received no compensation other than his cigars and the privilege of purchasing goods and household supplies at cost. Prior to April 3, 1907, the plaintiff, who claims to have enjoyed a profitable practice and to have made profit upon investments, had lent defendants various sums of money, and on the date mentioned their indebtedness to him was about $2,800. On that day they charged him with appropriating and converting to his own use moneys aggregating a large sum from the funds belonging to them and demanded settlement and payment at once. The substance of the demand.

made by them upon the plaintiff was that he should cancel their debt to him and pay them the further sum of $5,000. After some negotiation the plaintiff surrendered to defendants their notes to the amount of $2,800 and certificates of desposit held by him amounting to the further sum of $3,365.74. To set aside these transfers, or, in lieu thereof, to recover the value of said securities, this action was instituted. The relief thus demanded is on the alleged ground that plaintiff's compliance with defendants' demands and the delivery of said papers were exacted from him under duress and by undue influence and coercion and made in pursuance of an unlawful agreement for the compounding of a charge of felony. The defendants deny that they exercised any duress over the plaintiff or coerced him to said agreement. They admit having received from plaintiff the securities mentioned to the amount of $6,165.74, but aver that said sum was paid them upon settlement of their claim, which settlement was voluntarily made and agreed to by plaintiff, who thereafter and during the same day reaffirmed it by delivering over the said notes and certificates. On trial to the court a decree was entered in defendants' favor dismissing the bill, and plaintiff appeals.

As will be seen from the foregoing statement, the question at issue is essentially one of fact. The trial was a protracted one, and a large mass of testimony was introduced, most of which bears more or less directly upon the manner in which the business at defendants' store was carried on, the character and extent of plaintiff's connection therewith, and the circumstances relied upon by defendants to justify their claim and belief that plaintiff had for a long time been appropriating moneys belonging to them. We shall not undertake any review of this evidence. While much of it is to our minds of a very weak and inconclusive character, there is some which, if true, tends

1. COMPROMISE AND SETTLEMENT: repudiation.

quite clearly to sustain the accusation preferred by the defendants. To say the least, it makes a case from which it is impossible for this court to find that the charge was made in bad faith or for the mere purpose of extortion. That defendants believed they had been robbed by the plaintiff we think is evident, and we have little doubt they in good faith believed they had a valid claim against him for damages. Such being the case, then, if they asserted such claim, and plaintiff yielded to their demand and voluntarily delivered to them the securities in compromise or settlement thereof, the law will not permit him to repudiate the settlement and recover his property, even though he is able to show conclusively that the charge made against him was without foundation. In other words, a man against whom a claim is made may buy his peace at any price he sees fit to pay for it, and the mere fact that on second thought or taking advice of others he becomes convinced that he has acted rashly or even foolishly the law affords him no remedy. *Richardson v. Hampton,* 70 Iowa, 576; *Dunham v. Griswold,* 100 N. Y. 227 (3 N. E. 76); *Stewart v. Ahrenfeldt,* 4 Denio (N. Y.) 189.

Starting, then, with the assumption that the claim of the defendants was asserted in good faith (and we must assume that it was so made in the absence of evidence to the contrary), the one question remaining is whether they obtained the settlement by coercion or undue influence or as part of an agreement to suppress a prosecution for felony. The only direct evidence in support of this claim is that given by plaintiff himself corroborated in part by that of his wife. On the other hand are the equally positive denials of the defendants. Their version also finds some circumstantial support in the plaintiff's own story that, the accusation and demand being first made, he, after only a brief parley, asked the defendants how

2. DURESS:
sufficiency
of showing.

much they wanted and began to negotiate as to the amount and manner of its payment. His demeanor and conduct as revealed by himself and others was hardly that of a man who was being held up and compelled to relinquish the accumulation of years of work wholly against his will. It may be conceded that he shows that he acted reluctantly; but that is not enough. It must appear that his will was overpowered by the threats or menaces of others. This does not so clearly appear as to call for the setting aside of the agreement. It may be, as we have already said, that defendants had no just claim against the plaintiff, or that the claim, if one they rightfully had, was exaggerated, and that he paid them an exorbitant sum; but if that was a fact he knew it then as well as he knows it now, and then was the time for him to assert his rights.

We find no ground upon which to reverse the judgment below. In so ruling we must not be understood as finding or affirming the guilt of the plaintiff upon the charge made against him by the defendants. What we find is that the evidence is insufficient to establish his allegation that the settlement and payment made by him were obtained by duress or undue influence or were part of an unlawful scheme to compound a felony. It follows that the decree of the district court must be affirmed.

There is a second appeal in this case taken from an order of the district court amending the record to show that the decree was not spread upon the journal until after plaintiff's original appeal was taken. The record in this respect is sub-stantially like that which we considered

3. APPEAL: amendment of record.

in *Owens v. Hatchet Co.*, 147 Iowa, 393. Under the rule there approved the record sufficiently showed an appealable judgment, and therefore the correction of the entry did not affect the appeal which had been taken. The appeal

therefrom was entirely unnecessary to the protection of the appellant's rights.

The decree of the district court is therefore *affirmed*.