ALONZO L. COURTNEY, Appellant, v. ALICE L. COURTNEY and DAVID J. COURTNEY.

**Conveyances:** WILLS: ELECTION OF REMEDIES. To defeat an action
1   by the institution of another suit there must have been two or more concurrent but inconsistent remedies, and the party must have indicated his choice by actually bringing action to enforce one right with knowledge of the facts, or in some other decisive way indicated his election.

In this action to set aside a conveyance it appears that on the same date the grantor executed a will reciting the conveyance and stating therein that she desired the grantee to have the property conveyed. The grantee presented the will for probate but it was found to have been executed through undue influence. *Held,* that the grantee was not precluded by presenting the will for probate from asserting title under the deed; as the remedies were not so inconsistent as to require an election.

**Same:** *Res adjudicata.* Even though the deed and the will in this
2   case were executed at the same time as a part of the same transaction, still they were separate papers of a different character taking effect at different times, and a finding that the execution of the will was the result of undue influence was not conclusive of the fact that the deed was also executed from undue influence.

*Appeal from Wapello District Court.*—HON. FRANK W. EICHELBERGER, Judge.

SATURDAY, DECEMBER 17, 1910.

ACTION to set aside a deed resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*Steck, Daugherty & Steck,* for appellant.

*Cornell & Gillies* and *Jaques & Jaques,* for appellees.

LADD, J.—About March 14, 1906, Elizabeth Courtney resided in Eldon. She had been afflicted with dropsy and on that day, her sister, Alice L. Courtney, with her husband David, removed her to their home, where she resided until her death January 2, 1907. On November 20, 1906, she signed and acknowledged a deed conveying lots 4, 5, and 6 in block 5 of the town of Eldon to Alice L. Court- ney, reciting therein that this was "in consideration of the conditions herein stated and the sum of five dollars in hand paid" by the grantee, and "subject to the right of the grantor to the rents and profits from said property during her natural lifetime, part of the consideration of this deed is the furnishing of a home for grantor and caring for her during natural life." On the same day she made her will, which, omitting formal parts, read:

First. I have this day deeded to my sister, Alice L. Courtney, lots four and five and six in block five in the town of Eldon, Iowa, in consideration of her caring for me, during my natural lifetime and I desire that she shall have said property at my death. I also will and bequeath to my said sister, Alice L. Courtney, all personal property of which I may die seized including all my household goods and wearing apparel.

Second. I will bequeath to my son Alonzo L. Court- ney subject to the payment of debts and costs of administra- tion the proceeds of the following described real estate to wit, lot nine and the east half of lot eight in block No. 10 in Eldon, Iowa.

I desire that after my death the executor of my estate shall sell the said real estate last above described, and out

of the proceeds of said sale to pay the debts and claims and costs of administration and pay the remainder to my said son Alonzo L. Courtney.

The admission of the will to probate was contested by the plaintiff herein,. Alonzo L. Courtney, the only son and heir of decedent, on the grounds that testatrix was of unsound mind when she signed it, and that it was the result of undue influence exerted by Alice L. and David J. Courtney, defendants herein. Upon trial, the jury disagreed as to whether testatrix was of unsound mind, but found the will to have been procured by undue influence exerted by these defendants, and it was set aside accordingly.

In this suit the petition alleges (1) that the deed was never delivered; (2) that it was procured by undue influence on the part of defendants; and (3) that the grantor was of unsound mind when she signed it. No evidence bearing on the condition of the grantor's mind was adduced, nor was any offered tending to rebut the presumption that the deed was delivered, arising from its being in the possession of the grantee, duly signed and acknowledged. *Parlin C. & M. Co. v. Daniels,* 111 Iowa, 640.

The sole inquiry then, is whether the deed was procured by undue influence exerted by defendants. The record is without evidence bearing upon this issue save the adjudication that the will was so procured, and the stipulation that the will and deed were executed at the same time and as a part of the same transaction. Appellant contends that in these circumstances a finding that the will was the result of defendants' undue influence was necessarily conclusive that the deed was obtained in the same manner, and that, in any event, the defendants, by presenting the will for probate and resisting plaintiff's contest, elected to claim the lots under the will and may not now assert any claim thereto under the deed. It is doubtful whether the plead-

1. CONVEYANCES: wills: election of remedies.

ings raise the question last mentioned. In any event, it is without merit. The remedies are in no wise inconsistent and each is based on a separate instrument. It is elementary that to defeat an action because of the institution of another suit there must have been two or more concurrent remedies between which the parties had the right to elect, the remedies open to him must have been inconsistent, and he must have indicated his choice between these inconsistent remedies by actually bringing an action, or in some other decisive way with knowledge of the facts. *Zimmerman v. Robinson Co.*, 128 Iowa, 72.

Manifestly, resisting the contest against the admission of a will to probate was in no way inconsistent with the assertion of title under a deed, with a prayer that title be quieted in response to the present action to set such deed aside. The remedies sought were essentially different and no opportunity for election was afforded. What else was possible to the beneficiary under the will save to resist the contest, especially if she would lay claim to the personal property under the will? Choice was not open to Alice L. Courtney. In each instance she was forced to defend by upholding separate and distinct papers, and by undertaking to sustain the will she ought not to be estopped from asserting her claim to the realty under another and entirely different instrument. The deed became effective if at all, upon delivery, while the will could speak only from the date of the maker's death. The grantor sought to make doubly sure that the grantee acquire the lots by mentioning the transfer in her will, and the assertion of title under the deed is in no way inconsistent with her attempt to sustain the will. Manifestly, the doctrine of election of remedies may not be invoked to defeat the defense. On the contrary, the case seems to be more likely one where the proper remedy has been mistaken and the party has at last found the right trail. Having failed to sustain the will, there is no reason in law for denying

defendants the right to assert their claim to the property under a deed. As said in *Asher v. Pegg,* 146 Iowa, 541: "If a claim is made which, as developed in subsequent proceedings, does not exist, then the claimant is not barred from asserting in an independent action that an inconsistent claim existed entitling him to legal redress." The authorities are there gathered, and it seems hardly necessary to add that the doctrine is quite as applicable where the respective claims are consistent, though based on different instruments.

Nor is the contention that the judgment in the will contest is *res adjudicata* in the action at bar sound. Even though the will and deed were executed at the same time, 2. SAME: *res* as a part of the same transaction, they were *adjudicata.* separate papers of different character, took effect at different times, and may well have been preceded by different negotiations. Had probate of the will been denied on the ground of mental unsoundness, a different question would arise, for in that event, as both were executed at the same time, the disability of deceased must have affected both alike. But the mere fact that defendants had destroyed the free agency of decedent, so that the execution of the will was the result of the dominion of their minds over hers, does not necessarily indicate that a like influence was exerted with respect to the execution of the deed. The deed may have been the outcome of a bargain made long before its execution and upon ample consideration, and its execution at the time but the carrying out of a previous arrangement. Especially might this have been so where the circumstance of executing the deed is merely recited in the will, with the desire expressed that it be given effect, and the will gives the maker's personal property to the grantee and disposes of other real estate to another. That the two papers were executed as a part of the same transaction means no more than that each was a part of the same affair. The word is defined in Webster's

Dictionary as, "The doing or performing of any affair; management of any matter; as the transaction of business; (2) that which is done or in the process of being done, an affair." Though the deed may have been a part of the same affair as the will at the time of making, it does not necessarily follow that it was brought about by the same influence, and we are of opinion that the finding in the will case was not *res adjudicata* in the present suit.

This being so, the judgment was right and is *affirmed*.