## McGILL v. SOUTH DAKOTA CENT. RY. CO.

The provision of Laws 1907, c. 218, for the recovery of double damages for the loss of live stock killed or injured by railroads, is valid.

Where an action against a railroad company for killing an animal was not tried on any issue of negligence, and there was no assignment based on any ruling on such an issue, and the findings that the animal was injured by the company's engine, and that the injury was not caused by any act of plaintiff or his agent were undisputed, and there was no finding that the company was not negligent, a judgment for plaintiff was authorized, under Code Civ. Proc. § 784, authorizing judgment by confession, and it would not be disturbed on appeal on the ground that under the evidence the company was not negligent.

(Opinion filed, February 29, 1912.)

Appeal from Circuit Court, Codington County. Hon. C. X. Seward, Judge.

Action by W. B. McGill against the South Dakota Central Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant. *Sherin & Sherin,* for respondent.

WHITING, J. This action, based upon chapter 218, Laws of 1907, was brought to recover double the amount of damages which plaintiff claimed he had suffered through the killing of one of his cows by one of defendant's engines. No question is raised as to sufficiency of pleading. The action was tried to the court without a jury, and the court made and entered findings of fact herein in substance as follows: That the plaintiff was a farmer residing in Hamlin county, and the defendant a railway corporation operating a railroad; that the cow belonging to plaintiff wandered upon defendant's track, and was struck by an engine and injured, so that it had to be killed, which injury was not caused

by any act of plaintiff or his agent; that the cow was of the value of $45; that a notice such as is provided for by said chapter 218, Laws 1907, notifying defendant of the injury and loss suffered by plaintiff, was served on defendant; that defendant did not, within the 60 days thereafter, pay the damage, or offer in writing to pay the same, or any damage; that defendant did not have its right of way fenced at or near the point where the accident occurred, and such accident did not occur at a railway crossing, but at a place where defendant had the right to fence its right of way.   No other finding of fact seems to have been asked for.   The court found that plaintiff was entitled to recover double damages, and rendered judgment in his behalf in the sum of $90.   Motion for new trial was made and denied, and defendant appealed to this court.

[1]   The assignments in no manner question the sufficiency of the evidence to support the findings of fact, and raise no question whatsoever, save such as go to the constitutionality of that part of said chapter 218, Laws of 1907, which provides for the recovery of double damages.   The assignments thus raise no question, save such as have been determined against defendant's contention by several recent decisions of this court (Jensen v. South Dakota Central R. Co., 25 S. D. 506, 127 N. W. 650; Lidel v. South Dakota Central R. Co., 25 S. D. 462, 127 N. W. 657; Bekker v. White River Valley R. Co., 28 S. D. —, 132 N. W. 797), and therefore need no further consideration at this time.

[2]   After appellant and respondent had filed their briefs in this court, the decision in Bekker v. White River Valley R. Co., supra, was handed down.   In that case it was held that the part of chapter 218, Laws of 1907, purporting to change the then existing law relating to the question of negligence in actions against railroad companies for the killing of stock, was unconstitutional. After such decision had been published, appellant herein sought to file in this court a brief urging a reversal of the judgment upon the ground that, under the evidence offered at the trial, it appeared that the defendant was not guilty of any negligence.   Respondent resists the filing of such brief, claiming that it touches

no question raised by assignments herein. Such brief can avail appellant nothing, because it is apparent from the record that the cause was not tried upon any issue of negligence, because there is no assignment based upon any ruling touching the question of negligence, because the findings of fact stand undisputed, and that finding, wherein the court found that the cow was injured by defendant's engine and such injury was not caused by any act of plaintiff or his agent, was, under section 784, Revised Code of Civil Procedure, sufficient to support the judgment, there being no finding that defendant was not negligent.

The judgment and order denying a new trial are affirmed.