D. W. MOHLER et al., Appellants, v. L. A. ANDREW, State Superintendent of Banking, et al., Appellees.

298

FEBRUARY 14, 1928.

REHEARING DENIED JUNE 26, 1928.

*R. Feyerbend* and *Marty & Butler*, for appellants.

*John Fletcher*, Attorney-general, and *Geiser, Donohue & Geiser*, for appellees.

FAVILLE, J.—One Herbster owned 168 shares of the capital stock of the Darrow Trust & Savings Bank of New Hampton, Iowa. He died testate in August, 1917. By his will he bequeathed 68 shares of said capital stock to his widow, and 100 shares to his son, Wesley Herbster. He devised certain real estate to each of said parties. The will provided that the property left to the son should be turned over to testator's wife, to be held by her in trust for the said Wesley until he should arrive at the age of 28 years, when the trustee was to turn it over to him. The widow remarried, and she and her husband are plaintiffs and appellants in this action. On July 23, 1925, the Darrow Trust & Savings Bank was closed, and the appellee was duly appointed receiver of said bank. One Kaster was the state examiner in charge of the said bank after it closed, and, as

we understand the record, was acting under orders of the appellee as receiver in collecting and securing the assets of said bank. In September, 1925, an assessment of 100 per cent was levied upon all of the outstanding stock of said bank. Shortly thereafter, the note in suit was executed by the appellants, and delivered to said Kaster. The note was secured by certain collateral securities, a portion of which belonged to the appellant Matilda, and a portion to her son, Wesley. The note was also secured by mortgages upon the appellants' homestead and upon certain real estate belonging to Matilda, located in South Dakota. Enough has been collected by the appellee upon the said securities so pledged to pay the amount of the assessment of $6,800 levied against the stock owned by the appellant Matilda. After said note had been given, the appellants notified the appellee that they repudiated the same, and refused to pay any portion of said note except the said $6,800.

I. Appellants contend that the said note and mortgage were obtained from them by duress, and that because thereof, the same should be vacated, set aside, and canceled. The appellant Matilda is a woman 51 years of age, had been educated in the public schools through the eighth grade, had worked in her father's store as a clerk, and after her husband's death, had served as a director in said bank, and had attended meetings of said board of directors. On September 2d, she had suffered an injury from an automobile accident, that had required the attention of a physician, and on September 23d, at the time the note was given, was still suffering pain in connection with said accident. Kaster, the bank examiner, telephoned her to come to the bank for a conference with regard to the matter of said assessments against her stock and that of her son, and in response to said telephone call, Matilda and her husband went to the bank, where they remained for several hours, before the note and the assignment of securities were executed and delivered. At said time, Matilda had a safety deposit box in said bank, which contained about $25,000 worth of securities; and it is contended that the examiner refused to allow her to remove said box or the securities therein contained until the said note and mortgages had been executed and delivered. The attorney for the receiver was called into the conference, and there is evidence to the effect

that he advised the appellants that, if they gave the note and securities, it must be of their free will. The evidence is in direct conflict as to much that was said and done during the transaction at the bank. It is unnecessary to relate it. The burden rested upon the appellants to establish that such duress was exerted as rendered the instruments void in the hands of the appellee. We think it must be held, under this record, that the appellants have failed to carry the burden which the law imposes upon them in this regard. Mere advice, argument, importunity, suggestion, or demand is not sufficient to constitute such duress as to vitiate an instrument duly executed by competent persons who are fully advised regarding the transaction in which they are engaged. The appellant Matilda was accompanied by her husband, who was present during all of the transactions. She had counsel living in the same city, and no obstacle was placed in the way of her obtaining independent advice. On the contrary, there is evidence tending to show that she was admonished that she should obtain such advice before executing the papers. The record does not present such a case as would justify us in reversing the action of the trial court in holding that the appellants had failed to establish their claim of duress and compulsion in the execution of said instrument. Regarding the law applicable to such a situation, see *King v. Williams,* 65 Iowa 167; *Cantonwine v. Bosch Bros.,* 148 Iowa 496; *Galusha v. Sherman,* 105 Wis. 263 (81 N. W. 495); *Layer v. Layer,* 184 Mich. 663 (151 N. W. 759).

II. Appellants contend that the said note and mortgages were executed without consideration, as to the amount of said note which represents the assessment against the minor, Wesley.

 There is evidence tending to establish the fact that the bank examiner was threatening to institute suit to recover said assessment. The assessments were due and payable on demand. By the execution of said note, the appellant Matilda obtained an extension of time on her own indebtedness for a period of six months. The extension of the time of the payment of the indebtedness due from Matilda was such a consideration as would support her promise to pay the obligation of her son, Wesley. 12 Corpus Juris 324. The question as to whether or not Matilda, as trustee of the property of her minor son, Wesley, had

power or authority to bind his property by the execution of mortgages, or the assignment of the same as collateral security for said indebtedness, is not before us. She is not bringing this action as trustee for and in behalf of Wesley, or seeking to recover in this action any of his property, or protect any personal interest the said Wesley may have. She is seeking solely to set aside said note and assignment of securities as her personal obligation. We are not called upon to determine in this action the question of whether or not a minor may be held personally liable for an assessment on stock in an insolvent bank. The fact is that a claim was made that there was liability for said assessment on said stock which stood on the stock book of the bank in the name of the said Wesley. The appellant Matilda did not purport to execute said note as trustee of said Wesley, or as binding upon him or his property. The representative of the superintendent of banking was threatening at the time to bring suit to enforce the assessment against the stock held in the name of the minor. The execution of the note avoided the bringing of any such suit. The appellant executed the note in her individual capacity, and the extension of the time of payment of her own obligation and the forbearance to sue on the claimed liability of the minor, Wesley, furnished such consideration as would support her promise to pay the assessment on the stock of her son, even though there was no legal liability for such assessment on the part of her son, it appearing that the claim for such liability was made in good faith. *First Nat. Bank v. Browne*, 199 Iowa 981, 984, and cases cited. Under well recognized rules of law, it must be held that there was consideration for the appellants' promise, as evidenced by the note in suit. There is no claim of any partial failure of consideration. As bearing on the question, see *Blake v. Robinson*, 129 Iowa 196; *Cone v. Cone*, 118 Iowa 458; *Harris-Emery Co. v. Howerton*, 154 Iowa 472. Neither was there any mutual mistake in regard to the subject-matter that would render the note void.

III. Appellants contend that they are entitled to a decree as prayed, because of an election of remedies by the appellee which bars liability upon said note. This claim arose out of the  fact that, after the note was given, the appellants repudiated it, and thereafter the receiver commenced an action in the district court

against said Wesley, and made the appellant Matilda, as guardian of said Wesley, a party defendant in said action. It was later discovered that the said Matilda was not guardian of the said Wesley, but had been discharged as such, and was acting in his behalf solely as trustee, under the terms of the will of her former husband. When this was discovered, the action which had been commenced by the receiver against the said Wesley was dismissed without prejudice. In this connection it is to be observed that the said Wesley is not a party in any way to this action, either personally or by representation. The note involved in this case was signed personally by each of the appellants. An action on said note, if brought by the receiver, would not necessarily be inconsistent with an action against Wesley or his legal representative, to recover on the stock assessment against him. In *Zimmerman v. Robinson & Co.*, 128 Iowa 72, we said:

"It not infrequently happens that for the redress of a given wrong or the enforcement of a given right, the law affords two or more remedies. Where these remedies are so inconsistent that the pursuit of one necessarily involves or implies the negation of the other, the party who deliberately and with full knowledge of the facts invokes one of such remedies is said to have made his election, and cannot thereafter have the benefit of the other. To the proper application of this rule at least three things are essential: (1) There must be in fact two or more concurrent remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must, by actually bringing his action, or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies. It follows necessarily from this rule that, if the party has in fact only one remedy, but, in the mistaken belief that he has another, attempts to enforce it, the doctrine of election is inapplicable; for no choice was ever open to him. Where either of two remedies are available, there may be a tactical advantage to be gained by pursuing one, rather than the other; but in a legal sense, no mistake is committed if either be chosen."

In *Farmers & Merch. Bank v. Wood Bros. & Co.*, 143 Iowa 635, at 645, we said:

"The act of a secured creditor in proceeding against his debtor to enforce payment of a just claim is not in any manner inconsistent with his pursuit of any proper remedy against a third person who wrongfully converts or destroys his security."

See, also, *Home Sav. Bank v. Otterbach,* 135 Iowa 157; *Bossingham v. Syck,* 118 Iowa 192; *Courtney v. Courtney,* 149 Iowa 645. In this case the parties to this action are not the same as would be the parties in an action brought to recover from Wesley, or from his trustee or legal representative. The obligations growing out of this note are not identical with the obligations that would arise from an assessment against Wesley. Under well established rules, we think it is clear that the bringing of said action was not such an election of remedies as renders the note in suit void or unenforcible.

IV. Appellants contend that, by reason of the matters and things herein set forth with regard to the bringing of the action against Wesley, the appellee has waived the right to enforce said note. As we have pointed out, the bringing of the action against Wesley and the dismissal thereof did not constitute an election of remedies, nor did it constitute a waiver on the part of the receiver of the right to enforce the note in suit against the makers thereof.

Upon a careful review of the entire record, we reach the conclusion that the appellants have failed to establish their contention that the note in question should be vacated and set aside. The decree of the trial court must, therefore, be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.