## 10767.  AMERICAN RAILWAY EXPRESS COMPANY v. ARCHER.

STEPHENS, J.  1. While a consignor of a shipment delivered to a carrier which afterwards goes out of business and is succeeded by another carrier may not, where there is no privity of contract between him and the latter carrier, recover against such carrier on the contract of shipment, yet, where the shipment was not lost through fault of the original carrier, but was delivered by the original carrier to the carrier succeeding to its business, and was by the latter carrier lost, the consignor may recover against the latter carrier for the conversion of the shipment thus actually had and received.

2. In a suit against the American Railway Express Company to recover for the loss of a shipment claimed to have been consigned by the plaintiff to the Southern Express Company, where it appears that the Southern Express Company had ceased to do business, and, while

it had not surrendered its charter, its equipment, including wagons, horses, trucks, office furniture, etc., had been taken over by the American Railway Express Company, and that the American Railway Express Company now carries on the business formerly carried on by the Southern Express Company, evidence that the shipment had been delivered to a driver of a wagon of the Southern Express Company on or about April 1, 1918, and that this company had failed to deliver it to the consignee, in the absence of evidence authorizing the inference that the shipment had left the possession of the Southern Express Company before its business had been taken over by the American Railway Express Company, authorized the inference that the shipment was delivered to and remained in the possession of the Southern Express Company and was by that company delivered to the American Railway Express Company when the latter, on July 1, 1918, succeeded to the business of the Southern Express Company and took over its equipment, etc. Possession once proved in the Southern Express Company is presumed to exist in that company until the contrary is shown. *Anderson* v. *Blythe,* 54 *Ga.* 507, 508. Where the business of that company, including all of its equipment, etc., was transferred within three months thereafter to the American Railway Express Company, the inference was authorized that all shipments in the possession of the Southern Express Company were then transferred to the American Railway Express Company. Whether or not the latter company received the shipment was a question of fact for determination by a jury.

3. The petition alleged that on or about April 1, 1918, the plaintiff, in Atlanta, Georgia, delivered to the Southern Express Company, a carrier of express, goods belonging to the plaintiff, of a certain description and value, to be transported and delivered by the Southern Express Company to petitioner at Petersburg, Va., and that on or about July 1, 1918, "the Southern Express Company retired from business and the American Railway Express Company, defendant herein, assumed and took over the business of said Southern Express Company, its property, rights, and liabilities;" that the Southern Express Company and the defendant American Railway Express Company had failed and refused, after demand, to deliver the goods to the plaintiff, and that the plaintiff had never received the same. This petition, properly construed, lays such a case as was made by the evidence, and was not subject to general demurrer.

4. Evidence that claims against the Southern Express Company which were paid by the American Railway Express Company were charged against the Southern Express Company was properly excluded.

5. Evidence that the records of the Southern Express Company failed to show a receipt of the alleged shipment was properly excluded, since it nowhere appeared that it was the custom and duty of that company to make such entries in the regular and usual course of business. *Shields* v. *Carter,* 22 *Ga. App.* 507 (3) (96 S. E. 330).

6. No other error of law appears.

7. The verdict for the plaintiff not being demanded as a matter of law, it was error upon the part of the judge of the municipal court to

direct a verdict for the plaintiff. It was error to overrule the certiorari.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*
DECIDED SEPTEMBER 27, 1920.

Certiorari; from Fulton superior court — Judge Pendelton.
May 23, 1919.

*Robert C. & Philip H. Alston,* for plaintiff in error.
*Madison Richardson,* contra.