## AMERICAN RAILWAY EXPRESS CO. v. SNEAD.

No. 14190—Opinion Filed Nov. 27, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

Carriers — Liability for Nondelivery of Express Package—Effect of Subsequent Merger of Express Companies.

Where, under articles of agreement between several transfer companies, express companies, there is an agreement made for the conduct and carrying on, under a new corporate name, of all the business of all the consolidated companies, the succeeding or new corporate entity will be held liable for all undelivered consignments made to either of the older companies prior to consolidation. In such case, in the absence of express agreement to the contrary, the primary liability rests upon the succeeding corporation, but if it clearly appear from the evidence of such corporation that the loss of the consignment in question occurred and was due to the negligence of the old company before consolidation, and it also appears that the old company retained its corporate entity and also its individual corporate property, then in such case, in the absence of such express agreement as to the nonliability of the succeeding corporation as would give clear notice to the business world, the question of final liability is between the corporations in interest, and not between the creditor and either; the underlying principle being that a shipper may feel assured of the safe delivery of his shipment and know clearly to whom he may look for loss.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by Mrs. Robert J. Snead, Jr., against the American Railway Express

Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Bell, Hickman & Salter, for plaintiff in error.

King & King, for defendant in error.

HARRISON, J. This action involves the question of liability of the American Railway Express Company after the consolidation of the express companies on June 21, 1918, under a war measure, for the loss of a trunk consigned to the Wells-Fargo Express Company, some weeks before the consolidation and never received by the consignee.

The principal defense here and in the court below was that the American Railway Express Company was not liable for consignments made to the Wells-Fargo Express Company, for the reason that, although the consolidation was made under executive order as a war measure, the Wells-Fargo Company did not lose its corporate entity, but had property in its corporate name subject to the discharge of its personal liability.

Other questions were raised in the court below and are presented here collateral to this main question, but the determination of the main question against the contention of plaintiff in error would necessarily determine the collateral questions.

The trial court held that, under the articles of agreement between the government and the various express companies, the American Railway Express Company was liable, although the consignment was made to the Wells-Fargo Company before the consolidation, inasmuch as such consignment had not been delivered by the Wells-Fargo Company at the time this suit was instituted. Judgment was rendered in favor of defendant in error, plaintiff below, upon a jury verdict.

There is no serious controversy over the facts in the case nor the amount of the verdict.

The question of liability of the American Railway Express Company, under similar circumstances, we might say identical circumstances, seems to have been already settled by the courts of other jurisdictions, and by this court in analogous questions wherein it has followed and relied upon the decisions of other courts upon the same questions involved here, to wit: Collinsville Nat. Bank v. Esau, 74 Oklahoma, 176 Pac. 514, citing and quoting from Thompson v. Abbott, 61 Mo. 176, also Camden Interstate R. Co. v. Lee (Ky.) 84 S. W. 332, and quoting:

"While there was no stipulation in the deed that the new company should answer for the liabilities of the old, the law will not allow the stockholders in a corporation thus to change the name in which their property is held, and defeat the claims of creditors. The rule is that where one corporation goes entirely out of existence, by being merged into another, the liabilities of the old corporation are enforceable against the new one, just as if no change had been made"

—also citing and quoting from Thompkins v. Augusta So. Ry. Co. (Ga.) 30 S. E. 992; also citing and quoting from Wolf v. Shreveport Gas Co. (La.) 70 South. 789, and Wesco Sup. Co. v. El Dorado Light Co. (Ark.) 155 S. W. 518, Quinn v. American Bankers Assur. Co. (Mo. App.) 165 S. W. 823, and Koch v. Speedwell Motor Co. (Cal.) 140 Pac. 598, quoting from page 600.

And on the general rule that a corporation is liable for the debts or liabilities of its predecessor, where it has by express agreement or by implication assumed their payment, citing the following authorities: Ferguson, etc., Land, etc., v. Good, 112 Ark. 260, 165 S. W. 628, 107 Ark. 118, 153 S. W. 1107, Ann. Cas. 1915 A, 544; Landes Bros. v. Eastern Expert, etc., Co., 12 Pa. Dist. 625, 27 Pa. Co. Ct. R. 630, 19 Montg. Co. Law Rep. 54; Cattlemen's Trust Co. v. Beck (Tex. Civ. App.) 167 S. W. 753; American Bank Note Co. v. Blue Ridge Co. (D. C.) 230 Fed. 911; Stevens v. Selma Fruit Co., 18 Cal. App. 242, 123 Pac. 212. Also City of Altoona v. Richardson G. & O. Co., 81 Kan. 717, 106 Pac. 1025, 26 L. R. A. (N. S.) 651, and in note to same, Atl. & B. R. Co. v. Johnson, 11 L. R. A. (N. S.) 1119.

The foregoing cases all supported the holding of the lower court on the different phases of law presented to the lower court and to this court.

And the cases of American Ry. Express Co. v. Archer (Ga.) 104 S. E. 92, and American Ry. Express Co. v. Commonwealth (Ky.) 225 S. W. 433, being identical in circumstances; the Georgia case being a consignment to the Southern Express Company and recovery of the loss of same against the American Ry. Express Company after consolidation under the same order and agreement involved in the case at bar, and the Kentucky case being a recovery for a consignment made to the Adams Express Company before the order of consolidation involved herein — being identical, we think afford sufficient reason and authority for sustaining the judgment of the trial court.

And the cases of Guardian Trust Co. v. Cambria Steel Co., from 8 Cir. Ct. of App., 210 Fed. 696, and Okmulgee Window Glass Co. v. Frink, 8 Cir. Ct. of App., 260 Fed. 159, and Jennings, Neff & Co. v. Ice Co. (Tenn.) 47 L. R. A. (N. S.) 1058, dispose of the contentions of plaintiff in error that suit should first have been brought against the Wells-Fargo Company before suing the American Ry. Exp. Company. Under the undisputed circumstances of the case and the decisions covering the questions of law involved, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, COCHRAN, and BRANSON, JJ., concur.