STATE OF IOWA ex rel., Plaintiff, v. AMERICAN BONDING & CASUALTY COMPANY, Defendant; W. F. GRANDY, Receiver, Appellee; PERU TRUST COMPANY et al., Appellants.

No. 41031.

OCTOBER 27, 1931.

Hoag & Ullmann and Kass & Kass, for Peru Trust Company, appellant.

Judah, Reichmann, Trumbull & Cox and Kass & Kass, for Rothschil & Company, appellant.

Kass & Kass, for United Fuel & Supply Company, Bruce O. Tippey, D. Trozzo, Louis Platt & Son, Boggs & Buhl, International Fidelity Insurance Co., Louis Saroni, B. O. Bassett, Moir Hotel Company, Perry-Victoria Sand Co., Wm. H. Mansfield, Watson Paint & Glass Co., Haynes Advertising Company, North Iowa Brick & Tile Co., J. F. Shaible, Mason City Brick & Tile Co., U. S. Gypsum Co., Independent School District of Mason City, Iowa, Bostwick Steel Lath Co., Samuel Catanzaro, Geo. J. Smith and Mary N. Smith, City of Excelsior Springs, Mo., Lake Shore Stone Co., and Union Drawn Steel Co., appellants.

Jepson, Struble & Sifford, for Eckhart Milling Company, appellant.

Gill & Gill, for American Bonding & Casualty Co. and W. F. Grandy, Receiver, appellees.

MORLING, J.—The Chicago Bonding & Insurance Company was an Illinois corporation. It had on deposit with the Director of Trade & Commerce of Illinois security "for the special and sole benefit and security of all its creditors and holders of its policies, bonds and contracts" $305,334. The American Bonding & Casualty Company was an Iowa corporation. It had on deposit with the Insurance Department of Iowa capital assets amounting to $703,250 "for the protection of policy holders of said Company." The purpose of this deposit and the rights of policy holders in it were the subject of the suit before this Court under the title of State v. American Bonding & Casualty Company, 206 Iowa 988, the opinion and record in which are by stipulation made a part of the record in this case. On December 20, 1919, these two corporations agreed to

consolidate "into a single new corporation under the name of the American Bonding '& Casualty Company" (the same name as that of the then existing Iowa company). The agreement of consolidation recites that the companies:

"For the purpose of economy in management, and the increase of the resources of each, and to obtain an increased volume of business and to reduce the proportionate expense of operation, desire to consolidate the business, property, assets and capital stock of both, by means of a statutory consolidation, to be effected under * * * Chapter 58 of the Acts of the 30th General Assembly of the State of Iowa, and all other acts of said General Assembly * * * and pursuant to the provisions of an act of the General Assembly of the State of Ilinois * * *."

The agreement provides:

"All property * * * including agency, plant, good will, business and contracts of both of said constituent companies shall vest in and be owned and possessed by the consolidated Company immediately upon the consummation of the consolidation herein agreed upon, * * * and all bonds of indemnity, insurance policies, contracts, debts, liabilities, charges and obligations of every name, nature and description of each of said constituent companies, shall be and are hereby assumed in full by the consolidated Company. * * * All securities of the Chicago on deposit with the Director of the Department of Trade and Commerce of the State of Illinois shall remain on deposit until otherwise ordered by a court of competent jurisdiction, and the Chicago agrees to secure such court order and to pay the necessary expenses of securing the same * * *. If this contract should be held invalid as a statutory consolidation of two corporations of different states, such holding shall not invalidate this contract, but the same shall be considered as a contract of reinsurance wherein and whereby the said American assumes and reinsures all the liabilities and acquires all the property and property rights of the Chicago, in consideration of the issuance of the stockholders of the Chicago of the amount of the capital stock of the American as herein provided * * *."

The agreement was submitted to the proper officials of the respective states and to the stockholders of both companies in

accordance with its provisions and approved. The consolidated Company received from the Chicago Company securities allowed as admitted assets amounting to about $260,000 and paid claims against the Chicago Company before this receivership amounting to approximately $300,000. The Chicago Company at the time of the consolidation was insolvent. The receiver appointed for it, as later mentioned, received and retained assets of the Chicago Company in the sum of approximately $200,000. A suit was instituted in Illinois by the consolidated Company against the Director of the Department of Trade and Commerce of Illinois and the Chicago Company to recover the deposit of the Chicago Company in the hands of the Director of the Department of Trade and Commerce of Illinois, who filed cross bill setting up his duty to hold the securities for the benefit of the creditors of the Chicago Company, a receiver for which was therein prayed for and appointed. That receiver filed intervening petition asking that the securities be ordered delivered to him to be applied to the payment of expense and of claims in the receivership proceedings. Later the appellee was appointed receiver herein and substituted as complainant in place of the American Bonding & Casualty Company. The cause in Illinois went to trial resulting in a decree denying the prayer of the complainant, ordering the Chicago Company to deliver to the receiver thereof all its assets and ordering the Director of Trade and Commerce to turn over to such receiver the deposit held by him. An appeal was taken and the decree affirmed. The opinion on that appeal, American Bonding & Casualty Company v. Chicago Bonding & Insurance Company, 226 Illinois Appellate Reports, Page 475, is made a part of the present record. The appellant claimants are creditors of the Chicago Company. They filed their claims with the receiver of that company and realized therefrom a dividend of 26½ per cent. Thereupon they filed in this receivership action their respective claims for balance of the indebtedness so owing to them by the Chicago Company. The claims were referred. The referee found that the new corporation "was a continuation of the American Bonding & Casualty Company; that the Chicago Company was not dissolved and did not cease to exist by virtue of said consolidation agreement * * * retained its corporate character for the purposes expressed in the statutes of the State of Illinois * * * (3) That creditors

and holders of policies, bonds and contracts of insurance of the Chicago Bonding & Insurance Company did not, by virtue of the consolidation agreement become creditors and holders of policies, bonds and contracts of insurance of the American Bonding & Casualty Company. (4) That the capital stock deposit of the Chicago Bonding & Insurance Company, amounting to $305,344.00 * * * was at all times herein mentioned a trust fund for the benefit and security of the creditors and holders of policies, bonds and contracts of the said company, and that the title and right of possession of said trust fund did not pass to the said consolidated Company * * * (5) That the creditors and holders of policies, bonds and contracts of insurance of the American Bonding & Casualty Company had no right at any of the times herein mentioned, to participate in the distribution of the said capital deposit of the Chicago Bonding & Insurance Company, and that no assets of the Chicago Bonding & Insurance Company came into the hands of the permanent receiver of the said Consolidated Company. (6) That the creditors and holders of policies, bonds and contracts of the Chicago Bonding & Insurance Company who have filed their claims with the receiver of the Chicago Bonding & Insurance Company in the receivership proceedings of said company in the Superior Court * * * have made an election to recognize the Chicago Bonding & Insurance Company as their debtor or insurer as the case may be, and have thereby given notice that they have refused to accept the obligation of the Consolidated Company in lieu of their original debtor or insurer * * * have never assented to the contract of consolidation, or elected to accept the consolidated company as their debtor or insurer * * * and have indicated their intention to look to the assets of the Chicago Bonding & Insurance Company, and particularly to the capital stock deposit for the satisfaction of their claims. * * * (7)'' That the decision in State v. American Bonding & Casualty Company, 206 Iowa 988, ''is the law of this case, in so far as it is applicable hereto. * * * That in addition to policy holders, as defined by said decision, of the American Bonding & Casualty Company, the holders of policies, bonds and contracts of insurance of the American Bonding & Casualty Company, and those claimants for whose benefit and on whose behalf policies, bonds and contracts of insurance were written by the American Bonding & Casualty Company

are entitled to share in the distribution of said capital deposit and the increment thereof, and that these claims must first be paid in full before the general claimants of the American Bonding & Casualty Company are entitled to receive any dividends from said capital deposit and the increment thereof."

Exceptions to the report were filed by the respective appellants.

I. The exceptions of the Peru Trust Company were not filed within the time permitted by statute or by order of the trial court. The Peru Trust Company moved for permission to file objections and exceptions after the expiration of the time allowed therefor, alleging that it was a resident of Illinois, had no local counsel, received no actual notice, setting up grounds of excuse for the delay which we find unnecessary to set out. The motion was overruled. In order to have a review in this Court of the report of the referee exceptions must be taken in the lower court within the time allowed by statute (or in a proper case fixed by the court). Code, 1931, Sections 11535, 11536, 11537, 11538; In re Estate of Malvin, 93 Iowa 169. There was no error in overruling the motion. The order on the claim of the Peru Trust Company must be affirmed.

II. The receiver contends that "the consolidation was only a paper consolidation in so far as the Chicago Bonding & Insurance Company creditors are concerned." Appellants base their claim of liability of the Consolidated Company on an express assumption of the liabilities of the Chicago Company contained in the agreement for consolidation, not on the mere fact of consolidation or on transfer of assets without making provision for payment of creditors or on fraud. It is, therefore, unnecessary to consider whether in the absence of the assumption agreement claimants would under the other facts of the case be entitled to prove their claims. See, however, Gibson v. American Railway Express Company, 195 Iowa 1126.

III. The receiver further argues that the decision of the Appellate Court of Illinois excluded appellants from participation in the assets of the American Company and gave them the right to the capital deposit of the Chicago Company only so far as they relinquished all claims against the consolidated corporation. We do not find that the Appellate Court of Illinois so held.

IV. The receiver contends further that "there was a complete failure of consideration to support the undertaking of the consolidated Company to assume the liabilities of the Chicago Company; that a corporation has no power to assume the debts of another concern except for a sufficient consideration."

It must be remembered that the claims are not based on fraud either express or implied perpetrated on the corporation or on its creditors. They are based upon an agreement which has not been annulled or rescinded. The agreement for consolidation was made between two active corporations, was approved by the stockholders and by the proper public officials. It was for the parties (subject in this case to approval by proper administrative authority) and is not for the court to determine the sufficiency of the consideration. By the agreement the consolidated Company became entitled to all of the assets of the Chicago Company. It received $260,000 of those assets in the form of securities. Included in the assets also to which the consolidated Company was entitled were the agency plant, good will and business, the receipt of which is not disputed. There was a consideration for the assumption by the consolidated Company of the obligation of the constituent companies. While the Consolidated Company paid out $300,000 on claims against the Chicago Company it did so by virtue of its contract to pay them. Mere inadequacy of consideration (if such were proved) is no bar to the enforcement of the contract. Blake v. Blake, 7 Iowa (Clarke) 46; Edwards v. Foley, 187 Iowa 5.

V. The receiver argues that "by filing their claims and participating in the funds of the receivership of the Chicago Company the creditors have elected to rely upon the latter company for the satisfaction of their claims and are now concluded from changing their position in relying upon the American Bonding & Casualty Company." The liabilities upon which the appellants' claims are founded were originally those of the Chicago Company. The Chicago Company and the original Iowa company had the right to consolidate and to agree that the consolidated company should assume the liabilities of the constituent companies. Such was not a denial of the continuing liability of the original companies (if they continued to exist). It was not required of the creditors of the Chicago Company that they accept the assumption by the consolidated Company in lieu of their

existing rights against the Chicago Company or the trust fund. No condition to their acceptance of the assumption agreement or to the exercise of their rights under it was imposed. There was no provision for release of the constituent companies. Their original liability was not disturbed. There was no inconsistency between the original and the assumed liability. There was merely superadded the liability of the new company. The creditors were entitled (at least before rescission) to accept the agreement as one made for their benefit and to enforce it. Rodgers v. Reinking, 205 Iowa 1311; Durband v. Nicholson, 205 Iowa 1264. They have at no time in terms, or by implication, renounced that right. By filing their claims based on the contract of assumption they have accepted it. McCoy v. McCoy, 69 N. E. 193, 102 Am. St. Reports 223, 32 Indiana Appeals 38; Motley v. Manufacturers Ins. Co., 29 Me. 337, 50 Am. Dec. 591; Morgan v. Overman, 37 Cal. 534. Neither the rights of the creditors against the constituent companies and the assuming company nor the remedies sought are inconsistent. Neither the doctrine of novation nor that of election of remedies is applicable. Barnes v. Hekla Fire Ins. Co., 57 N. W. (Minn.) 314; Johannes v. Phoenix Ins. Co., 27 N. W. (Wis.) 414. The case is within the principle of Bossingham v. Syck, 118 Iowa 192; Farmers & Merchants Bank v. Wood Brothers, 143 Iowa 635; Pickler v. Lanphere, 209 Iowa 910; First National Bank v. Peterson, 279 Pac. (Idaho) 302; 20 C. J. 21; Courtney v. Courtney, 149 Iowa 645; Redhead v. Wyoming Cattle Co., 126 Iowa 410; Mohler v. Andrew, 206 Iowa 297; Greene Co. v. City Bank, 196 Iowa 1164.

VI. The referee found that the consolidated Company "was a continuation of the American Bonding & Casualty Company." In State v. American Bonding & Casualty Company, 206 Iowa 988, the consolidated Company is so treated and the capital deposit is held to have been "for the protection of (its) policy holders." No distinction was there made, or is here claimed in favor of the policy holders of the original American Company. The referee held and the receiver here contends that the claimants are not creditors or holders "of a policy, bond or contract of insurance of the American Bonding & Casualty Company and (are) within the class referred to in General Conclusions of Law Number 6." The receiver does not contend that any of the appellants would not be entitled to participate in the

distribution of the assets of the Consolidated Company, including the capital fund deposit, were the contracts upon which the claims are based originally the contracts of the consolidated Company. All of the property "and all rights and privileges" of the Chicago Company were under the agreement vested in the consolidated Company and the consolidated Company "assumed in full" "all bonds of indemnity, insurance policies, contracts, debts, liabilities, charges and obligations of every name, nature and description" of the Chicago Company. No provision is made for the termination of contracts outstanding. It was the intention that the Chicago Company should cease the transaction of business and the consolidated Company should take its place as much so as in the case of the original American Company of which the consolidated Company is asserted to be a continuation. In any event, existing liens or equities in favor of creditors of either constituent company in the deposit funds would not be displaced or impaired either by an agreement between the corporations alone or by their reorganization or consolidation. In re Utica National Brewing Co., 48 N. E. (N. Y.) 521; Philadelphia Trust Co. v. Northumberland Traction Co., 101 Atl. (Pa.) 970; Columbia & M. E. Co. v. North Branch T. Co., 102 Atl. (Pa.) 214.

The consolidated Company took with notice of these equities and has no standing to repudiate the contract because of them. With full notice the consolidated Company by the agreement expressly took upon itself, assumed, adopted and made its own the obligations and liabilities of the Chicago Company. These were from the time the contract took effect thereby made those of the consolidated Company and were as much its own as if they had been originally executed or incurred by it. Stout v. Folger, 34 Iowa 71; Langhorne v. Richmond R. Co., 91 Va. 369, 22 S. E. 159, 161; American Railway Express Co. v. Snead, 221 Pac. 1032, 96 Okla. 278; 5 Thomp. Corp., 2nd Ed., Sections 6082, 6083; Lenz v. Chicago & Northwestern Railway Co., 86 N. W. (Wis.) 607; American Railway Express Co. v. Downing, 111 S. E. (Va.) 265; Alabama T. & N. Ry. v. Tolman, 76 So. (Ala.) 381; Shadford v. Detroit Y. & A. A. Ry., 89 N. W. (Mich.) 960.

By the assumption agreement, therefore, the policies and contracts of the Chicago Company became the contracts and

policies of the Consolidated Company and the appellants are entitled to enforce them against the assets of the consolidated company in the receiver's hands, including the deposit fund received from the Commissioner of Insurance. The receiver points out no claim as one that would not be entitled to participate in the distribution of the capital deposit if the policy, bond or contract on which it is founded had been originally executed by the consolidated Company, and while some of the claims are stated by the referee to have arisen upon ''bonds'' we are not warranted on the record and arguments in raising the question whether the holders of them are ''policy holders'' but must assume that all the claims here involved are on the same plane.

VII. The receiver argues that the burden of sustaining the claims is on the appellants and has not been successfully carried; that the referee made findings disallowing them; that judgments against the receiver are binding only where the receiver has with leave of the court of appointment been made a party to the action; that judgments obtained in foreign states against the Chicago Company or against it and its receiver or ancillary receivers are of no validity in this receivership; that such judgments are not evidence in support of appellants'claims.

The applicability of this argument to any of the claims here in question, except those of the Peru Trust Company which have been disposed of, and those of Rothschil & Company as to which the receiver confesses mistake in making up his amendment to abstract, is not pointed out. The referee's findings are based not only upon judgments and allowances but upon the testimony of K. P. Cotton, an expert accountant who had been in the employ of the Consolidated Company and of the receiver and who according to appellees' Amendment to Abstract testified that the information and evidence given on the Chicago Bonding & Insurance Company matters on the hearing on these claims was obtained from the files and records of the Chicago Bonding & Insurance Company in Chicago and by the receiver of the American Bonding & Casualty Company after the receiver was appointed by his making ''an investigation and examination and checkup and audit of claims filed against the Chicago Bonding & Insurance Company in the Chicago Bonding & Insurance Company receivership at Chicago and such files as were in the possession of the American Bonding & Casualty Company.'' Many

claims were involved in the hearing before the referee and it appears that Mr. Cotton was used as a witness without objection by either party to the competency of his testimony. The referee in his report set out the testimony of Mr. Cotton with respect to the several claims and made findings of fact with respect to each one of them holding as to each claim that ''it should be disallowed as the claimant is not a creditor or holder of a policy, bond or contract of insurance of the American Bonding & Casualty Company and is within the class referred to in General Conclusions of Law Number 6; that if the same is allowed in this receivership it should be allowed and established as a general claim in the sum of (fixing the amount) but that nothing shall be paid upon this claim in any event until the creditors of the American Bonding & Casualty Company as established in this receivership have first received dividends of 26½ per cent upon their claims as established herein.'' It is clear that no objection was made to the claims as not shown to have been liabilities of the Chicago Company but the disallowance was for the specific reason stated and that except for such reason they should be allowed in the sums named as general claims. The creditors of the American Company have taken no exception to the report, nor has the receiver for them. Appellants have not excepted to, and do not dispute, the right of the general creditors to first receive dividends of 26½ per cent upon their claims. That right was conceded in the oral argument.

The claims of the appellants, except the Peru Trust Company, must, therefore, be allowed subject ''to the right of general creditors to first receive dividends of 26½ per cent upon their claims as established'' in the report (or as modified if any modification were made on the hearing in the trial court.)

However, in the application hereof the right of priority of policy holders of the American Bonding & Casualty Company, including the appellants other than the Peru Trust Company, in the distribution of the fund received by the appellee receiver from the Insurance Department of Iowa must be maintained, and the general creditors who are entitled to first receive dividends of 26½ per cent must be limited to the general creditors who are such policy holders and have not received a 26½ per cent dividend.

On the appeal of the Peru Trust Company the order and judgment of the court below are—Affirmed.

On the appeals of the other appellants they are as to those—Reversed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.