Oren C. Holdorf et al., Petitioners, v. Ernest M. Miller, Judge of the Fifteenth Judicial District, Respondent.

No. 43092.

January 21, 1936.

J. J. Ferguson, for petitioners.

W. D. Evans, for respondent.

Powers, J.—The executors of the estate of Charles Holdorf, deceased, commenced, in the district court of Pottawattamie county at Avoca, two actions in equity, each for the foreclosure of a real estate mortgage executed by Oren C. Holdorf, a son of Charles Holdorf. The mortgages were on different pieces of land. The sum of $6,000 and interest was claimed to be due on one mortgage, and $3,000 and interest on the other. As a defendant, Oren C. Holdorf filed in each case a counterclaim setting up an indebtedness which he claimed was owing to him from the estate of his father, Charles Holdorf, on account of advancements made and support furnished. The counterclaim was the same in both cases. By agreement of parties, the cases were consolidated and referred to D. W. Stuart of Council Bluffs, as referee, for trial. On November 21, 1934, the referee filed his

report. It found the counterclaim was established in the sum of $9,105.12, sufficient to pay the $6,000 mortgage and interest in full, and reduce the amount due on the $3,000 mortgage to $1,-544.88. The report further found that said balance unpaid on the $3,000 mortgage was not due until March 1, 1935; that the attempt to accelerate the due date on the ground of defendants' default was ineffectual because there was no default. On January 28, 1935, the plaintiff filed exceptions to this referee's report. The defendants thereafter filed a motion to strike the exceptions on the ground they were filed too late. There was a resistance based on the grounds which respondent urges here. A hearing was had and this motion was overruled. All the defendants in the foreclosure action joined and sued out of this court a writ of certiorari for a review of that ruling.

It is the claim of the petitioners that where the referee's report is filed in vacation, as in this case, that exceptions thereto, under the statute, must be filed within three days after the convening of the next term of court following the filing of the report. Reliance is placed on the holding of this court in In re Estate of Samuel Malvin, 93 Iowa 169, 61 N. W. 420, and State v. American Bonding & Casualty Co., 213 Iowa 200, 238 N. W. 726. (Section 3749, Code, 1897, allowed three days for filing exceptions in certain cases. Section 11537 of Code 1924, and subsequent Codes, fixes the time at ten days.) It appears that the next term of court at Avoca, following the filing of the report, convened on the 11th day of December, 1934. The exceptions were not filed until January 28th following.

Respondent contends (1) that the rule requiring exceptions to be taken is not applicable to equity cases, triable de novo on appeal; (2) that there was an agreement between counsel for additional time in which to file exceptions; and (3) that, in any event, the action of the trial court in ruling on the motion could be nothing more than mere error reviewable by appeal, and not an act beyond the court's jurisdiction or otherwise illegal so as to be reviewable by certiorari.

I. The conclusion we have reached on the proposition that there was an agreement between counsel for additional time in which to file exceptions makes it unnecessary to consider other questions argued. Attorneys for both parties testified at the hearing. The dispute between them as to what happened is not very substantial. The first conversation between them was at

the office of the clerk of the district court when the referee's report was filed. Referring to the parties in the foreclosure suits, the attorney for the plaintiff testified that he told the attorney for the defendants at the time the report was filed that the report was long, that it would take some time to go over it, and that he would like to have some time to study things over and file exceptions, that it might take several months, and that the attorney for the defendants replied that he could take all the time he wanted provided he accorded the same privilege to the defendants. The attorney for the defendants testified with reference to this conversation and says that the attorney for the plaintiff said it would take a few days to get out the exceptions and that, "I told him that would be all right. I asked him if he would mail me a copy of his objections." On the 26th of November, the attorney for the defendants called the plaintiff's attorney concerning the exceptions, and his version of the conversation, as set out in his argument for petitioners herein, is as follows:

"The attorney for the defendant offered himself as a witness, and in his testimony denied any agreement or any conversation with reference to an extension of time. True, he testified that he had called Mr. Wyland (plaintiff's attorney) on the 26th of November, 1934, asking about his exceptions to the report, and upon Mr. Wyland's statement that he would need 'a few days' answered that this would be all right."

The attorney for the defendants further referred to a telephone conversation on December 31, 1934, as disclosed by his own testimony, and in his argument says that "in this telephone conversation the attorney for the plaintiff having stated that he had not filed any exceptions, he was told to take all the time he wanted."

The theory of the petitioners here seems to be that the filing of the exceptions within a specified time was jurisdictional and that an agreement of counsel would be ineffective to preserve jurisdiction. They say in their argument:

"It is the contention of the defendants that the jurisdiction of the District Court is derived wholly from the statute, and that it cannot be consented to by parties."

But this court has held that the time for filing objections to

a referee's report may be extended by agreement of the parties. Michael v. Longman, 42 Iowa 484.

The further theory of the petitioners seems to be that these conversations do not amount to an agreement. As to the conversations which took place before the expiration of what is claimed to have been the proper time for filing exceptions, it is argued that, when the conversations occurred, the plaintiff still had a few days before the expiration of that time, therefore, the statement of defendants' attorney that it would be all right to take a few days was not an agreement that time would be extended beyond that time, that, to say to plaintiff he could have a few days, when the law gave him a few days, was only to agree that he might have the time the law allowed, and was not to agree he could have more time than the law allowed. As to the conversations that took place after the expiration of the time for filing exceptions, it is claimed that it did not make any difference how much time was taken then because the time had expired in which exceptions could properly be filed, in any event, and plaintiff would be in just as good a position if he took a long time to file as if he filed in a short time.

We think this is too technical a view to take. When the attorney for the plaintiff said that he would need some time in which to file exceptions, it must be interpreted to mean some time in addition to what the law might otherwise grant, and when the attorney for the defendants responded that it was all right to take that time, he must be held to have meant that time could be taken in addition to what the law gave. Otherwise, the conversation would be meaningless and to no point. We think the conversation, fairly construed, constitutes an agreement that the plaintiff was to have more time than was otherwise available to him for the purpose of filing exceptions. It is true that the exact amount of additional time was not definitely fixed. But in subsequent conversations on the subject, the attorney for the defendants indicated it was all right for plaintiff to take what time he needed. He never suggested a limitation, or indicated that he thought it desirable that one be fixed. Under such circumstances, he must be held to have consented to an extension of time for filing exceptions which would make the filing of the exceptions at the time they were filed proper. The failure of the trial court to strike the exceptions was, therefore, justified. It follows that the writ must be annulled.

1384

Since we have reached the conclusion that the writ must be annulled in this case, we give no consideration to the question whether certiorari would lie in any event.—Writ annulled.

DONEGAN, C. J., and all Justices concur.