MILLERS NATIONAL INSURANCE
COMPANY et al., Appellants,

v.

IOWA KEMPER MUTUAL INSURANCE
COMPANY, Appellee.

No. 19265.

United States Court of Appeals
Eighth Circuit.

March 25, 1969.

L. R. Voigts, Des Moines, Iowa, for appellants, D. J. Goode, Des Moines, Iowa, on the briefs.

Herschel G. Langdon, Des Moines, Iowa, for appellee, David W. Belin, Des Moines, Iowa, on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is an appeal by defendants from a declaratory judgment determining plaintiff Iowa Kemper Mutual Insurance Company (Iowa Kemper) is a member of the Association of Mill and Elevator Mutual Insurance Companies (Association). Defendant Association is a voluntary unincorporated association writing and handling certain large scale insurance and other matters for its members under an elaborate written agree-

ment entered into by its members. Provision is made for membership participation in profits and losses and for voluntary and involuntary termination of membership.

The eight named defendant mutual insurance corporations are members of Association. Mill Owners Mutual Insurance Company (Mill Owners) was the ninth member of the Association at least until January 1, 1966.

Jurisdiction, based upon diversity of citizenship, is established.

Defendants [1] filed answer and motion for judgment on the pleadings which was treated as a motion for summary judgment. The motion raised the issue that Mill Owners had ceased to exist by reason of its consolidation with Iowa Hardware, effective on or about January 1, 1966, and that Iowa Kemper as the successor corporation obtained no right to membership in Association under the governing articles of association.

Iowa Kemper filed a resistance to defendants' motion for judgment on the pleadings and moved for a summary judgment in its favor, submitting therewith a number of supporting affidavits and documents. Defendants filed a resistance to plaintiff's motion, supported by various documents, and at the hearing each party introduced portions of a deposition previously taken.

All parties contended the controversy should be decided on the basis of the record before the court and no assertion was made in the trial court or here that the case was not ripe for determination by summary judgment on the record made.

It is undisputed that Mill Owners and Iowa Hardware were united in one corporation. Defendants contend such unification was accomplished by consolidation in the strict and legal sense, and that Iowa Kemper is a new corporation which received the assets and assumed the liabilities of the two previously existing corporations, and that as a consequence Mill Owners and Iowa Hardware ceased to exist as corporate entities. Iowa Kemper contends that the unification of the two companies was accomplished by merger and that Mill Owners is the surviving corporation.

Upon the crucial issue of whether the unification occurred as the result of a merger or a technical consolidation, the court determined, "It is the view of the Court that upon full consideration of the record herein it has not been established that a consolidation was effected so as to terminate the membership of Mill Owners and its successor, Iowa Kemper, in the Association." Such determination is somewhat weakened by the language immediately preceding it, reading: "On balance it would appear that the factors indicating consolidation, in general, outweigh those indicating merger. However, with the forfeiture of valuable rights involved it is incumbent on the Court not to so hold unless it is abundantly clear that a consolidation for such purposes, in fact, did occur."

Upon the record before us, the issue of whether the transaction resulting in the unification would fall within the technical classification of a consolidation or a merger turns upon the interpretation of § 521.12 of the Iowa Code and the interpretation of the agreements entered into between the corporations and of the official certificates issued. It would appear that the interpretation of the statute and the various instruments presents questions of law for determination by the court rather than fact issues.

■ We agree with defendants' contention that there can be no common law merger or consolidation of corporations and that statutory authority is a prerequisite to either a consolidation or a merger of corporations. Rath v. Rath Packing Co., 257 Iowa 1277, 136 N.W.2d

---

1. One of the defendants, American Manufacturers Mutual Insurance Company, also a Kemper affiliate, by answer admitted plaintiff's claims but did not participate in the litigation. For convenience in this opinion, the word "defendants" shall be used to refer to the remaining defendants.

410, 415; 19 Am.Jur.2d, Corporations, § 1494; 19 C.J.S. Corporations § 1607. The parties agree that the only statutory provision for unification of the mutual insurance companies here involved is found in § 521.12 of the Iowa Code which reads:

"When any company or companies not named in section 521.2 desire to consolidate or reinsure, it shall only be necessary for such company or companies to submit the plan of consolidation or reinsurance with any other information that may be required, to the commissioner of insurance and the attorney general and have the same by them approved."

It is agreed that the unification was accomplished under the section just cited. The plan was approved by both the Commissioner of Insurance and the Attorney General. The controversy centers on whether unification was accomplished by consolidation or merger.

Section 521.12 provides for corporation consolidation but makes no specific provision for merger. Courts and text writers have frequently used the term "consolidation" in a broad sense to include transactions which are technically mergers. See Irving Trust Co. v. United States, 30 F.Supp. 696, 699, 90 Ct.Cl. 310; 19 Am.Jur.2d, Corporations, §§ 1491–1492. Defendants do not dispute that the word "consolidation" has been used frequently to encompass both a technical consolidation and a merger.

Section 521.12 was enacted in 1904. It contains no definition of consolidation. Section 491.101, a part of the chapter relating to business corporations, which was enacted in 1947 accurately sets out the technical distinctions between a merger and a consolidation as follows:

" 'Merger' means the uniting of two or more corporations into one corporation in such manner that the corporation resulting from the merger retains its corporate existence and absorbs the other constituent corporation or corporations which thereby lose their or its corporate existence.

" 'Consolidation' means the uniting of two or more corporations into a single new corporation, all of the constituent corporations thereby ceasing to exist as separate entities."

State ex rel. v. American Bonding & Casualty Co., 213 Iowa 200, 238 N.W. 726, involves a consolidation of an Iowa mutual insurance company with an Illinois insurance company. The court approved a finding by the referee that the new corporation was a continuation of the American Bonding & Casualty Co. which would appear to categorize the transaction as a merger. Section 521.12 is cited as authority for the unification.

■ It is our view that the Iowa court would construe the word "consolidation" contained in § 521.12, enacted over sixty years ago, in its broad sense so as to include a merger. Consequently, we hold that the statute authorizes a merger as well as a technical consolidation.

■ The issue then arises as to whether the parties by their contracts and actions have effected a merger. We hold that a merger was consummated.

If the trial court held as we believe it did that the transaction resulted in a merger with Mill Owners the surviving corporation, such determination finds ample support in the record. If the trial court made no definite finding on the issue of merger, it is our view that the record establishes a merger as a matter of law. The resolution of the issue turns upon written agreements of the parties and the record certificates issued by the Commissioner of Insurance and the Secretary of State. Each party moved for summary disposition of the case and no one now asserts that any dispute exists as to any material fact. The consolidation approved by the directors and policy holders of each company, as well as by the Attorney General and the Commissioner of Insurance as required by § 521.-12, reads:

"AGREEMENT OF CONSOLIDATION entered into by and between MILL OWNERS MUTUAL INSUR-

ANCE COMPANY, an Iowa corporation, (herein called 'MILL OWNERS') and IOWA HARDWARE MUTUAL INSURANCE COMPANY, an Iowa corporation, (herein called 'IOWA HARDWARE'):

In consideration of the mutual covenants and terms herein stated, the parties hereto make the following agreement:

FIRST: MILL OWNERS and IOWA HARDWARE do by this agreement consolidate in conformity with the provisions of Section 521.12 of Chapter 521, Code of Iowa, 1962. The name of the consolidated company and the location of its principal office shall be:

> IOWA KEMPER MUTUAL INSURANCE COMPANY, MASON CITY, IOWA

SECOND: The Articles of Incorporation of MILL OWNERS, amended hereby as to name and principal office location, shall constitute the Articles of Incorporation of the consolidated company. A copy, as amended, shall be attached hereto and made a part hereof. The bylaws of MILL OWNERS shall constitute the bylaws of the consolidated company.

Approved Jan. 4, 1966

/s/ L. F. Scalise

Attorney General

THIRD: The consolidated company shall succeed to and possess all the rights, franchises and interests of MILL OWNERS and of IOWA HARDWARE in and to every species of property, real, personal and mixed, and things in action thereunto belonging, which shall be deemed to be transferred to and vested in the consolidated company by virtue of this agreement, without any other deed or transfer; and simultaneously therewith the consolidated company shall assume all of the obligations of MILL OWNERS and of IOWA HARDWARE.

The consolidated company shall have each and every special privilege, right and immunity existing in and pertaining to MILL OWNERS and IOWA HARDWARE which have become vested in either by reason of its act of incorporation or by the laws of Iowa.

Each member of MILL OWNERS and of IOWA HARDWARE, when this consolidation becomes effective, shall be and become a member of the consolidated company and shall have each and every right and privilege with respect to the consolidated company that each such member is entitled to under the charter and bylaws of the consolidated company and under the laws of the State of Iowa in the same manner as though such member had been insured by the consolidated company from the time such member became insured by MILL OWNERS or IOWA HARDWARE, respectively.

FOURTH: Until the next annual meeting of the consolidated company the board of directors of the consolidated company shall consist of the present directors of Mill Owners and four present directors of Iowa Hardware, as determined by a meeting of members of Iowa Hardware held for the purpose of approving this agreement. The board of directors of the consolidated company, following the date this agreement becomes effective, shall elect the officers specified in the bylaws and make due provision for the transaction of the business of the consolidated company.

FIFTH: This agreement shall become effective as of January 1, 1966 subject to the following conditions:

1. Approval and ratification by a ⅔ vote of members present and voting at a special meeting of members of each of the parties hereto, called by written notice or publication, as required by the charter or bylaws of the respective parties.

2. Approval by the Commissioner of Insurance and the Attorney General of the State of Iowa.

3. Compliance with any requirement of Iowa law respecting the

filing and publication of any amendment to the Articles of Incorporation of a domestic insurance company.

SIXTH: This agreement may be modified in conformity with action adopted by and mutually acceptable to the special meetings herein mentioned of the members of the respective parties or as may be required by the Commissioner of Insurance of the State of Iowa to conform to the requirements of law."

Paragraph two of the agreement making the articles of incorporation of Mill Owners and its bylaws the articles and bylaws of the consolidated corporation manifest the intention that Mill Owners is to be the surviving corporation. The record shows the only contemplated changes in Mill Owners' articles were to change the name of the corporation to Iowa Kemper and to change the principal place of business to Mason City. Such amendments were actually adopted by Mill Owners and the amendments adopted were filed and approved as required by law. Attached to the agreement are the articles of incorporation of Mill Owners "as they now stand amended." If a new corporation were being formed, no occasion would exist for referring to the articles as being amended.

Paragraph four provides for the retention of the directors of Mill Owners as the existing directors augmented by four directors selected by Iowa Hardware.

Any ambiguity that might exist with respect to the intention of the parties to merge is cleared by the certificate of the Secretary of State which reads:

"IOWA

SECRETARY OF STATE

AMENDMENT TO ARTICLES
OF INCORPORATION

January 28th, 1966

As provided by law MILL OWNERS MUTUAL INSURANCE COMPANY Des Moines, Iowa, has filed an amendment to its articles of incorporation relating to Merger, merging IOWA HARDWARE MUTUAL INSURANCE COMPANY, Mason City, Iowa (an Iowa corporation) into MILL OWNERS MUTUAL INSURANCE COMPANY, Des Moines, Iowa (an Iowa corporation) the survivor, and changing corporate title to IOWA KEMPER MUTUAL INSURANCE COMPANY, Mason City, Iowa.

Fees Paid:

Filing . . . . . . . . .$100.00
Recording . . . . . . . 7.50
(Seal)      /s/ Gary L. Cameron
            Secretary of State"

The above certificate of the Secretary clearly and unambiguously certifies that Mill Owners' articles have been amended to change its name and place of business as contemplated by the consolidation agreement and further plainly states that Iowa Hardware has been merged into Mill Owners, the survivor. This certificate was mailed to Mr. Smith, Mill Owners' secretary, by the Commissioner of Insurance with a covering letter reading:

"Enclosed is the Secretary of State's Certificate No. 16270, certifying that the amendment to the articles of incorporation relating to the merger of Iowa Hardware into Mill Owners has been filed with his office and the filing and recording fees have been paid."

The Secretary of State has issued the equivalent of a certificate of merger as set forth in § 491.108, which according to § 491.107 involves a procedure identical to that required for the approval of articles of incorporation. Section 496A.-51 provides:

"Such certificate of incorporation shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with * * *."

While Chapters 491 and 496A do not directly cover mutual insurance companies, it would appear that the Secretary's functions with respect to such corporate filings are similar and reflect a general state policy that the action of the Secretary in connection with tendered filings

are meaningful decisions which should be given considerable weight.

In State ex rel. McElhinney v. All-Iowa Agricultural Ass'n, 242 Iowa 1176, 48 N.W.2d 281, 286, the court among other things observes:

"In this connection, we have held the secretary of state does not exercise a mere ministerial function in approving articles of a corporation for profit under what is now chapter 491. Lloyd v. Ramsay, 192 Iowa 103, 115, 183 N. W. 333. It is true section 491.6 contemplates greater consideration of such articles by the secretary of state than does section 504.1 as to articles of a nonprofit corporation. Both sections, however, call for his approval of the articles."

We observe that the record is barren of any evidence of incorporation of any new corporation bearing the name Iowa Kemper. It is significant that no new corporation was created to receive the assets of Mill Owners or Iowa Hardware.

The record as a whole clearly demonstrates the intention of the corporations to merge, with Mill Owners the surviving company. For example, the minutes of the directors' meeting of Mill Owners held November 16, 1965, includes the following:

"Mr. Smith reviewed articles of merger or consolidation. He said that the Iowa insurance law contains a Section 521.12 of Chapter 521 which uses the term consolidation and requires approval by the Insurance Commissioner and Attorney General, and said that when this old statute was adopted the terms merger and consolidation were synonymous. This contract is designed to accomplish a merger and a continuation of the company under the charter and bylaws of Mill Owners, which will preserve state licenses and the corporate age, as the Mill Owners is licensed in nearly all states and is the oldest general writing mutual fire insurance company west of the Mississippi River."

We hold upon the record before us that Iowa Hardware merged into Mill Owners, which had changed its name to Iowa Kemper by an appropriately authorized amendment to its articles, and that Mill Owners (now Iowa Kemper) is the surviving corporation.

Inasmuch as Mill Owners survived as a corporation it retained its membership in Association. Such holding makes it unnecessary for us to consider the troublesome issue of whether membership in Association is assignable.

The judgment is affirmed.