KAUFMANN DEPARTMENT STORES SECURITIES CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

KAUFMANN DEPARTMENT STORES, Inc., v. SAME.

Nos. 8603, 8604.

Circuit Court of Appeals, Third Circuit.

Argued June 20, 1944.

Decided Aug. 4, 1944.

William Wallace Booth, of Pittsburgh, Pa. (William A. Seifert and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for petitioners.

Melva M. Graney, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BRATTON and GOODRICH, Circuit Judges, and KIRKPATRICK, District Judge.

GOODRICH, Circuit Judge.

The one question presented as these cases, consolidated for trial and argument, come to us, is whether the taxpayer is entitled to credit under § 26(c) (1) of the Revenue Act of 1936.[1] The issue is whether the taxpayer was precluded by a contract meeting the terms of the statute from paying dividends for the taxable year in question.

The language relied upon by the taxpayer is in a trust indenture executed by it. One paragraph provides: "That the company will not pay or declare any dividend, except dividends payable in shares of stock of the Company, or make any other distribution on its capital stock or to its stockholders, or purchase or retire or otherwise acquire for a consideration, any shares of its capital stock, except out of the proceeds of additional stock issues."

The first step in deciding whether the taxpayer is entitled to a credit under the statute is to look to the contract under the terms of which it is claimed that dividends cannot be paid without violating the promise made. At the same time we bear in mind that the claim is in the nature of a specially permitted deduction in a "cautiously limited area."[2] The limiting words of the indenture before us do not prohibit all dividends but limit the company to dividends payable in its shares. The taxpayer contends that the dividend which it is permitted under the terms of the contract to pay must be a taxable dividend (to the recipient) if it is to be denied the exemption. But even if that is assumed, it is entirely possible to have the type of stock dividend which is taxable.[3] But, says the taxpayer, this company was organized with only common stock and the shares were fully issued from the date of incorporation.[4] To this Commissioner responds that the taxpayer, a Delaware corporation, could, had its shareholders so desired, have amended its Articles to provide for both additional shares and other types of shares. The taxpayer's statement of fact in this respect and the Commissioner's answer may both be true. We are impressed by the characterization made by the Eighth Circuit to the effect that such considerations "allow the gamboling of a narrow question of tax administration in a judicial meadow of wild flowers" and that the "right to the exemption or credit under section 26(c) (1) must be found exclusively in the language of the contract and be demonstrated completely by it * * *." Helvering v. Northwest Bancorporation, 8 Cir., 1944, 140 F.2d 958, 962. The language of the contract

---

[1] The relevant language is:
"(c) Contracts Restricting Payment of Dividends.
"(1) Prohibition on payment of dividends. An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. * * *"
26 U.S.C.A. Int.Rev.Acts, page 836.

[2] Helvering v. Northwest Steel Mills, 1940, 311 U.S. 46, 51, 61 S.Ct. 109, 112, 85 L.Ed. 29, 34.

[3] The United States Supreme Court has held that a dividend of common voting stock to holders of cumulative nonvoting preferred stock is income, Koshland v. Helvering, 1936, 298 U.S. 441, 56 S.Ct. 767,

80 L.Ed. 1268, 105 A.L.R. 756; that a dividend of preferred stock on common stock is taxable where preferred stock of the same class is outstanding, Helvering v. Gowran, 1937, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224. The United States Board of Tax Appeals in Helms Bakeries v. Commissioner of Internal Revenue, 1942, 46 B.T.A. 308, has held where first and second preferred and common stock was outstanding, a distribution of first preferred stock to first preferred stockholders and second preferred stock to second preferred stockholders, but none to common stockholders, was a dividend which constituted taxable income.

[4] On February 18, 1936 the taxpayer acquired 9 shares of its own stock by purchase and on December 19, 1936 it acquired 15 shares by exchange.

in question limits the type of dividend [5] but does not preclude all dividends, even taxable dividends. If it is proper to look at the corporation's Articles, its situation with regard to outstanding stock, and the like, it is equally proper to consider the possibility of amendments or other process by which shares could be available for stock dividend.[6] Whether one looks only to the contract itself or casts his vision further afield the result is the same for this taxpayer. He has not qualified within the exemption as Congress has defined it.

The taxpayer has made much of the point that the kind of dividend which precludes one from taking advantage of the exemption in question must be a taxable dividend. Comments made soon after the passage of the statute indicate that this might be the case.[7] In accord was the original position of the Board of Tax Appeals. Paraport Theater Leasing Corporation v. Commissioner of Internal Revenue, 1941, 44 B.T.A. 108. This and cognate questions have been subject to thorough consideration by the Eighth Circuit in a series of three cases. United States v. Dakota Tractor & Equipment Co., 8 Cir., 1942, 125 F.2d 20, certiorari denied, 1942, 316 U.S. 671, 62 S.Ct. 1042, 86 L.Ed. 1746; Valentine-Clark Corporation v. Commissioner of Internal Revenue, 8 Cir., 1943, 137 F.2d 481, certiorari denied 1944, 64 S.Ct. 942; Helvering v. Northwest Bancorporation, 8 Cir., 1944, 140 F.2d 958. In the last cited decision the court, with the background of its earlier consideration in mind, met the question squarely and adhered to the view that 26(c) (1) does not give a corporation an exemption if the written contract involved permits the payment of any form of dividends, whether taxable or nontaxable. Section 115(f) (1), 26 U.S.C.A. Int.Rev.Acts, page 870, seemed, to the court, to have been intended merely to proclaim the standard, against shareholders, for determining the taxability of stock dividends and to have no purposed connection in the corporation's favor to the use of the term dividends in 26(c) (1). Both taxable and nontaxable distributions are dividends within § 115(a).

This careful consideration seems correct to us and to cover all the argued and arguable points. Even if it be assumed, therefore, that this taxpayer shows a contract which gets him to the position of contending that the possibility of a nontaxable dividend does not bring him without the exemption we conclude that the point must go against him on both principle and authority.

The decisions of the Tax Court are affirmed.

---

[5] A prohibition against cash dividend is not sufficient to bring a taxpayer within the exemption. Commissioner of Internal Revenue v. Columbia River Paper Mills, 9 Cir., 1942, 127 F.2d 558.

[6] Cf. Commissioner of Internal Revenue v. E. C. Atkins & Co., 7 Cir., 1942, 127 F. 2d 783, and comment thereon in Helver-ing v. Northwest Bancorporation, supra footnote 21, p. 962.

[7] See (1936) 50 Harv.L.Rev. 332; (1936) 36 Col.L.Rev. 1321, 1346; Merten's Law of Federal Income Taxation (1939 Supp.) § 32A.42. Merten's adds, however, "It may be argued that the term 'dividend' includes nontaxable as well as taxable dividends."