Samuel **NAPSKY** and **Morley Brickman,**
**Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellee.**

**No. 15768.**

United States Court of Appeals
Seventh Circuit.

Dec. 21, 1966.

Bernard H. Sokol, Sokol, Schwab & Agran, Chicago, Ill., for petitioners-appellants.

Mitchell Rogovin, Asst. Atty. Gen., Tax Div., Stephen H. Paley, Lee A. Jackson, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

The petitioners-appellants, Samuel Napsky and Morley Brickman, seek review of a decision of the Tax Court in a number of consolidated cases wherein the Tax Court found them liable as transferees for unpaid taxes of eleven corporations for the taxable years 1957, 1958 and 1959.

The Commissioner of Internal Revenue determined that the petitioners were liable as transferees for income tax deficiencies (and interest) of the eleven transferor corporations, Units 22 and 23 of Brickman Home Builders, Inc., and Units 219 to 227, inclusive, of Lawrence

Avenue Highlands, Inc., to the extent of the fair market value of the assets they received.

The cases arose out of the following circumstances. Joseph Brickman formed and controlled some ninety corporations in the Chicago area, including the eleven here involved. All had the same corporate address. One general office staff handled the books for all the corporations. Each was on an accrual basis of accounting and filed income tax returns on a fiscal year basis.

For the eleven corporations with which we are concerned here, Joseph Brickman was president, petitioner Samuel Napsky was vice-president, and petitioner Morley Brickman (Joseph Brickman's son) was secretary. The articles of incorporation and bylaws were substantially identical.

Each of the petitioners owned a 12½% stock interest, with the remaining 75% retained by Joseph Brickman, who owned 100% of the other seventy-nine corporations.

Each of the eleven corporations was designated to construct contiguous residences on a given street within a large subdivision. Houses were advertised without specific reference to the particular corporation, although advertising expense was allocated for deduction on the particular corporation's return. Each corporation was dissolved when the last house on its designated street was sold and the assets of that corporation were then distributed. On their returns, each of the eleven corporations claimed a separate surtax exemption for each year. All were disallowed by the Commissioner.[1]

1. The pertinent statutes read in part:
Internal Revenue Code of 1954:
SEC. 11. TAX IMPOSED.
* * * * * * *
(c) *Surtax.*—The surtax is equal to 22 percent of the amount by which the taxable income (computed without regard to the deduction, if any, provided in section 242 for partially tax-exempt interest) exceeds $25,000.
* * * * * * *
(26 U.S.C.1964 ed., Sec. 11.)
SEC. 269. ACQUISITIONS MADE TO EVADE OR AVOID INCOME TAX.
(a) *In General.*—If—
(1) any person or persons acquire, or acquired on or after October 8, 1940, directly or indirectly, control of a corporation, or
(2) any corporation acquires, or acquired on or after October 8, 1940, directly or indirectly, property of another corporation, not controlled, directly or indirectly, immediately before such acquisition, by such acquiring corporation or its stockholders, the basis of which property, in the hands of the acquiring corporation, is determined by reference to the basis in the hands of the transferor corporation,

and the principal purpose for which such acquisition was made is evasion or avoidance of Federal income tax by securing the benefit of a deduction, credit, or other allowance which such person

or corporation would not otherwise enjoy, then such deduction, credit, or other allowance shall not be allowed. For purposes of paragraphs (1) and (2), control means the ownership of stock possessing at least 50 percent of the total combined voting power of all classes of stock entitled to vote or at least 50 percent of the total value of shares of all classes of stock of the corporation.

(b) *Power of Secretary or His Delegate to Allow Deduction, etc., in Part.*—In any case to which subsection (a) applies the Secretary or his delegate is authorized—

(1) to allow as a deduction, credit, or allowance any part of any amount disallowed by such subsection, if he determines that such allowance will not result in the evasion or avoidance of Federal income tax for which the acquisition was made; or

(2) to distribute, apportion, or allocate gross income, and distribute, apportion, or allocate the deductions, credits, or allowances the benefit of which was sought to be secured, between or among the corporations, or properties, or parts thereof, involved, and to allow such deductions, credits, or allowances so distributed, apportioned, or allocated, but to give effect to such allowance only to such extent as he determines will not result in the evasion or avoidance of

For 1957, the Commissioner allocated one $25,000 surtax exemption among the eleven corporations.

For 1958, the Commissioner allocated $24,000 to unit corporation No. 225, and $1,000 to unit corporation No. 205 which was one of the corporations in which the petitioners had no interest.

For 1959, he allocated $10,000 to unit corporation No. 225 and $15,000 to unit corporation No. 29 in which the petitioners had no interest.

The petitioners executed transferee agreements whereby in consideration of non-issuance of statutory notices of deficiency to and assessment against transferor corporations, they acknowledged transferee liability with respect to most of these cases.

The Tax Court found that the corporations were formed for the principal purpose of avoiding tax by securing the benefit of deductions, etc., which the corporations would not otherwise enjoy; that the disallowance of the separate surtax exemptions, and the allocation of the single surtax exemption was not unreasonable, arbitrary or capricious.

The petitioners have not saved for appeal the issue of whether each of the eleven corporations was entitled to a full $25,000 surtax exemption.

The petitioners contend that the allocations used were capricious being dif-

ferent for each of the three years, with no adequate explanation of the inconsistency, with no explanation at all for two of the years and no logical explanation for the one year with respect to which one agent testified at the hearing before the Tax Court.

The petitioners presented the testimony of a certified public accountant familiar with development construction companies who disagreed with the allocation made by the Commissioner on the ground that the best use had not been made of the $25,000 exemption. He produced his own allocation which he stated was made in accordance with sound accounting practice allocating the entire $25,000 exemption solely to the eleven corporations here involved.

Discretionary power is lodged in the Commissioner to allocate or apportion such deduction as here involved. Section 269, Internal Revenue Code, 1954 (see footnote 1 supra). The burden is not on the Commissioner to show that his allocation was not arbitrary, unreasonable or capricious but on the taxpayer to show affirmatively that it was arbitrary, unreasonable or capricious. It is undisputed that a ratable share allocation of the surtax exemption among the ninety corporations would have resulted in a much larger tax. The evidence here adduced does not satisfy us that there has been an abuse of the Commissioner's dis-

Federal income tax for which the acquisition was made; or

(3) to exercise his powers in part under paragraph (1) and in part under paragraph (2).

(c) *Presumption in Case of Disproportionate Purchase Price.*—The fact that the consideration paid upon an acquisition by any person or corporation described in subsection (a) is substantially disproportionate to the aggregate—

(1) of the adjusted basis of the property of the corporation (to the extent attributable to the interest acquired specified in paragraph (1) of subsection (a) ), or of the property acquired specified in paragraph (2) of subsection (a); and

(2) of the tax benefits (to the extent not reflected in the adjusted basis of

the property) not available to such person or corporation otherwise than as a result of such acquisition, shall be prima facie evidence of the principal purpose of evasion or avoidance of Federal income tax. This subsection shall apply only with respect to acquisitions after March 1, 1954.

(26 U.S.C.1964 ed., Sec. 269.)

SEC. 6902. PROVISIONS OF SPECIAL APPLICATION TO TRANSFEREES.

(a) *Burden of Proof.*—In proceedings before the Tax Court the burden of proof shall be upon the Secretary or his delegate to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

\*  \*  \*  \*  \*  \*  \*

(26 U.S.C.1964 ed., Sec. 6902.)

cretion. G. U. R. Co. v. C.I.R., 7 Cir., 1941, 117 F.2d 187, 189; National Securities Corp. v. C.I.R., 3 Cir., 1943, 137 F.2d 600, 602.

The decision of the Tax Court is affirmed.

Affirmed.