T.C. Memo. 2001-265

UNITED STATES TAX COURT

EDDIE CORDES, INC., TRANSFEREE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18131-98.                    Filed October 4, 2001.

<u>O. Christopher Meyers</u>, for petitioner.

<u>Gary L. Bloom</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  In his notice of liability to Eddie Cordes,
Inc., respondent determined that petitioner Eddie Cordes, Inc.,
is liable as a transferee for Cordes Finance Corp.'s 1990 Federal
income tax deficiency of $1,320,434,[1] penalties of $259,058 and

---

[1]Monetary amounts are rounded to the nearest dollar.

$33,880, and interest (collectively, income tax liability).[2]  The

only issue for decision is whether the transferee liability of

petitioner, a successor by merger of Cordes Finance Corp., is

limited to the value of the assets it received in the merger.

### Background

This case was submitted to the Court fully stipulated under

Rule 122.[3]  We incorporate the stipulation of facts and the

supplemental stipulation of facts into our findings by this

reference.  Eddie Cordes, Inc. (petitioner), was an Oklahoma

corporation with its principal place of business in Lawton,

Oklahoma, at the time the petition in this case was filed.

On June 3, 1997, we entered a decision against Cordes

Finance Corp., an Oklahoma corporation incorporated in 1964, for

its 1990 taxable year.  Cordes Fin. Corp. v. Commissioner, T.C.

Memo. 1997-162, affd. without published opinion 162 F.3d 1172

(10th Cir. 1998).  Pursuant to that decision, on August 22, 1997,

respondent assessed against Cordes Finance Corp. an income tax

deficiency of $1,320,434, penalties of $259,058 and $33,880, and

interest of $1,390,719.

---

[2]This Court typically lacks jurisdiction over a taxpayer's interest liability in deficiency proceedings.  E.g., LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975).  We do have jurisdiction, however, in cases involving a transferee's liability for interest under sec. 6901.  Lowy v. Commissioner, 35 T.C. 393, 395 (1960).

[3]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On October 1, 1997, Cordes Finance Corp. and petitioner entered into an "Agreement and Plan of Merger of Cordes Finance Corp. with and into Eddie Cordes, Inc." (merger agreement), under which Cordes Finance Corp. merged into petitioner. On December 30, 1997, the merger was effected under Oklahoma State law, and Cordes Finance Corp. ceased to exist.

The terms of the merger agreement provided that all of Cordes Finance Corp.'s property, debts, and liabilities became petitioner's property, debts, and liabilities. Specifically, the merger agreement provided as follows:

> From and after the Effective Date,[4] the Surviving Corporation[5] * * * shall be liable and responsible for all the liabilities and obligations of the Constituent Corporations. The rights of the creditors of the Constituent Corporations, or of any person dealing with such corporations, or any liens upon the property of such corporations, shall not be impaired by this merger, and any claim existing or action or proceeding pending by or against either of such corporations may be prosecuted to judgment as if this merger had not taken place, or the Surviving Corporation may be proceeded against or substituted in place of the Merging Corporation.

---

[4]The effective date of the merger agreement was defined therein as 2 p.m., Oct. 1, 1997. The actual effective date of the merger was Dec. 30, 1997.

[5]"Surviving Corporation" and "Merging Corporation" are defined in the merger agreement as Eddie Cordes, Inc. (petitioner), and Cordes Finance Corp., respectively. The merger agreement further provides that "Constituent Corporations" refers collectively to Eddie Cordes, Inc., and Cordes Finance Corp.

On August 14, 1998, respondent mailed to petitioner a notice of liability. In that notice, respondent determined that petitioner was fully liable for Cordes Finance Corp.'s income tax liability.

## Discussion

Section 6901(a) provides that the Commissioner may proceed against a transferee of property to assess and collect Federal income taxes, penalties, and interest owed by the transferor. Sec. 301.6901-1(a)(3)(i), Proced. & Admin. Regs. A transferee under section 6901 includes a successor of a corporation. Sec. 301.6901-1(b), Proced. & Admin. Regs. Section 6901 does not impose liability on the transferee but merely gives the Commissioner a procedure or remedy to enforce the transferor's existing liability. Commissioner v. Stern, 357 U.S. 39, 42 (1958).

In a transferee liability proceeding before this Court, the burden of proof is on respondent to show that a taxpayer is liable as a transferee. Sec. 6902(a); Rule 142(d). Petitioner conceded on brief that it is liable as a transferee of Cordes Finance Corp. Petitioner maintains, however, that the extent of its liability is limited to the value of the assets received from Cordes Finance Corp. in the merger and that respondent has the burden of establishing that value. Respondent contends that he need not establish the value of those assets and that petitioner

is liable for Cordes Finance Corp.'s entire income tax liability as a transferee at law.[6]  For the reasons discussed below, we hold for respondent.

Although petitioner has conceded it is a transferee for purposes of section 6901, proper resolution of the issue before us requires us to examine the basis for petitioner's transferee liability.  Transferee liability may be grounded in equity or in law.  Sec. 6901(a)(1)(A).  The surviving corporation in a statutory merger will be held liable as a transferee at law for the Federal income tax liability of the merged corporation if respondent shows that the surviving corporation, expressly or by operation of State law, assumed the liabilities of the merged corporation.  Harder Servs., Inc. v. Commissioner, 67 T.C. 585, 598-599 (1976), affd. 573 F.2d 1290 (2d Cir. 1977).[7]

---

[6]Petitioner contends that respondent may not prevail because he failed to indicate expressly whether petitioner was liable as a transferee at law or in equity.  Respondent, however, is not required to specify under which doctrine petitioner is liable. Turnbull, Inc. v. Commissioner, 42 T.C. 582, 584 (1964), supplementing T.C. Memo. 1963-335, affd. 373 F.2d 91 (5th Cir. 1967).  Moreover, respondent clearly asserted in his answer, opening brief, and reply brief that petitioner's liability as a transferee is based in law, rather than equity.

[7]See also Texsun Supply Corp. v. Commissioner, 17 T.C. 433, 442 (1951); Kaufmann Dept. Stores Sec. Corp. v. Commissioner, 2 T.C. 656, 671 (1943), affd. 144 F.2d 776 (3d Cir. 1944); Turnbull, Inc. v. Commissioner, T.C. Memo. 1963-335, supplemented by 42 T.C. 582 (1964), affd. 373 F.2d 91 (5th Cir. 1967).

In connection with the merger between petitioner and Cordes Finance Corp., petitioner assumed all of Cordes Finance Corp.'s liabilities, without limitation. The merger agreement specifically provided "the Surviving Corporation * * * shall be liable and responsible for all the liabilities and obligations of the Constituent Corporations." Likewise, Okla. Stat. Ann. tit. 18, sec. 1088 (West 1986) provides:

> When any merger or consolidation shall have become effective * * * all debts, liabilities and duties of the respective constituent corporations, from that time forward, shall attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

See also Turnbull, Inc. v. Commissioner, 42 T.C. 582 (1964) (holding "attached" in a similar context meant the surviving corporation "assumed" the liabilities of the merging corporation), supplementing T.C. Memo. 1963-335, affd. 373 F.2d 91 (5th Cir. 1967); Okla. Stat. Ann. tit. 18, sec. 1.167(4) (West 1947) (a predecessor to Okla. Stat. Ann. tit. 18, sec. 1088 (West 1986)) (the surviving corporation shall be "liable for all the liabilities and obligations of each of the constituent corporations so merged").[8] Because petitioner's transferee

---

[8]See also Cherokee Labs., Inc. v. Pierson, 415 F.2d 85, 86 (10th Cir. 1969) (stating that under Okla. Stat. Ann. tit. 18, sec. 1.167 (West 1947), "the surviving corporation is fully liable and responsible for the acts and obligations of its predecessors."); In re Sunset Sales, Inc., 220 Bankr. 1005, 1013-1014 (B.A.P. 10th Cir. 1998) (citing Am. Ry. Express Co. v.

(continued...)

liability arose from its contractual obligations under the merger agreement and by operation of State law, petitioner's liability as a transferee is that of a transferee at law.

Petitioner nevertheless argues that the liability of a transferee, whether at law or at equity, is limited to the value of the assets it received from the transferor and that respondent bears the burden of proving that value. Petitioner's argument is legally unsupportable. When a taxpayer is a transferee at law, the Commissioner need not establish the value of the assets received by the transferee in order to sustain his burden of proof. <u>Harder Servs., Inc. v. Commissioner</u>, <u>supra</u>; <u>Bos Lines, Inc. v. Commissioner</u>, T.C. Memo. 1965-71, affd. 354 F.2d 830 (8th Cir. 1965); <u>Turnbull, Inc. v. Commissioner</u>, T.C. Memo. 1963-335, supplemented by 42 T.C. 582 (1964); <u>Am. Equitable Assurance Co. of New York v. Commissioner</u>, 27 B.T.A. 247 (1932), affd. 68 F.2d 46 (2d Cir. 1933). Consequently, it is petitioner, the party who seeks to place a limit on its transferee liability, who has the burden of establishing that limit insofar as relevant.[9] Rule

---

[8](...continued)
<u>Snead</u>, 221 P. 1032 (Okla. 1923)).

[9]Petitioner argues that sec. 7491 operates to place the burden of proving the value of the assets on respondent. Under sec. 7491(a)(1), Congress requires the burden of proof to be shifted to the Commissioner, subject to certain limitations, where a taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability for tax. Sec. 7491 is applicable to court proceedings arising in
(continued...)

142(a).

Even if petitioner had persuaded us that its liability as a transferee at law is limited to the value of the assets received in the merger,[10] petitioner has failed to prove the value of the assets in question, and that failure is fatal. Petitioner had the burden of proving facts supporting its argument that its liability as a transferee at law was limited. Petitioner made no effort to prove the value of the assets it received in the merger. We, therefore, must conclude, and so hold, that petitioner is liable as a transferee at law for Cordes Finance Corp.'s income tax liability as determined by respondent.

---

[9](...continued)
connection with examinations commencing after July 22, 1998. Petitioner introduced no evidence establishing whether the examination in this case commenced after July 22, 1998, and consequently, has failed to demonstrate that sec. 7491 applies. Ashley v. Commissioner, T.C. Memo. 2000-376. Moreover, petitioner introduced no evidence (credible or otherwise) respecting the value of the assets transferred to it in the merger and thus failed to meet the threshold requirement of sec. 7491(a)(1).

[10]The weight of authority appears to hold that transferee liability at law is not limited to the value of the assets received. Bos Lines, Inc. v. Commissioner, 354 F.2d 830, 837 (8th Cir. 1965), affg. T.C. Memo. 1965-71; see also Saltzman, IRS Practice and Procedure, par. 17.06[1] (2d ed. 1991) (Transferee liability at law is full liability, regardless of the value of the assets received, unless limited by statute or agreement); Transferee Liability, 628 Tax Mgmt. A-19 (BNA 1988). Petitioner's reliance on our decisions in Lesser v. Commissioner, 47 T.C. 564 (1967) and Napsky v. Commissioner, T.C. Memo. 1965-284, affd. 371 F.2d 189 (7th Cir. 1966), for the proposition that the liability of a transferee at law is limited to the value of the property received from the transferor is misplaced because both of those cases are distinguishable.

We have carefully considered all remaining arguments made by petitioner for a contrary holding and, to the extent not discussed, find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155.</u>